Weygandt, C. J.
 

 The controlling facts are undisputed.
 

 For its current operating expenses for the year 1942 the relator board of education submitted to the respondent budget commission a request for an allowance in the sum of $401,650. After hearing and considering the request of the relator and those submitted by the other subdivisions within the county, the respondent fixed a levy of 6.5 mills general property tax for the relator. A total collection of this together with taxes anticipated from other sources will constitute an allocation of $358,864.02 for the relator — $42,785.98 less than the sum it requested.
 

 Of the 6.5-mill levy allocated by the respondent to the relator 3 mills are outside the 10-mill constitutional limitation while 3.5 mills are within it. This 3.5-mill levy is the nub of this controversy. The relator insists that this figure is incorrect and should be increased to 4.236 mills. The difference of opinion between the relator and the respondent arises from their respective interpretations of' Section 5625-23, General Code, which reads in part as follows:
 

 “The budget commission shall examine such budget and ascertain the total amount proposed to be raised in the county for the purposes of each subdivision and other taxing units therein.
 

 “The budget commission shall ascertain that the following levies are properly authorized and if so authorized, shall' approve them without modification: * * *
 

 
 *67
 
 “(d) A minimum levy within the ten-mill limitation for the current expense and debt service of each subdivision or taxing unit which shall equal two-thirds of the average levy for current expenses and debt service allotted within the fifteen-mill limitation to such subdivision or taxing unit during the last five years said fifteen-mill limitation was in effect, unless such subdivision or taxing unit requests an amount requiring a lower rate. * * *”
 

 It is agreed that 6.354 mills was the average levy for current expenses and debt service allotted to the relator within the fifteen-mill limitation during the last five years this limitation was in effect. Two-thirds of this levy is 4.236 mills — the figure now demanded by the relator. The relator has not requested an amount requiring a lower rate. Hence it insists that the respondent must comply with the statute by allowing a levy of 4.236 mills as demanded.
 

 Are the provisions of Section 5625-23, General Code, mandatory or merely directory? With commendable frankness the respondent concedes that if this unfortunate language is read without regard to the context the contention of the relator would seem to be correct. However, a study of the cognate sections and of the necessary implications' of such an interpretation furnishes cogent evidence that the General Assembly did not intend to so jeopardize the effect and validity of this statute. ' If these provisions are mandatory the budget commission would be without discretion and its approval would amount to an empty formality. This is inconsistent with the requirement that the “commission shall ascertain that the * * * levies are properly authorized and if so authorized, shall approve them.” The relator insists that this duty is limited to a mere matter of form and does not extend to the substance of the levy. Were this view correct the commission would be compelled to approve a levy without regard to the actual needs of a subdivision,
 
 *68
 
 and irrespective of whether constitutional or statutory limitations were being violated. This hardly was the intention of the General Assembly.
 

 Another startling result is inherent in the relator’s view that these provisions are mandatory. If the commission were powerless it would be possible for one subdivision to obtain adequate funds while others might find themselves so restricted as to require a virtual discontinuance of their necessary functions.
 

 The relator’s prayer for a writ of mandamus must be denied.
 

 Writ denied.
 

 Turner, Williams, Matthias, IIart and Zimmerman, JJ., concur.
 

 Bisttman, J., not participating.