CAMBRIDGE CITY SCHOOL DISTRICT, APPELLANT, *v.* GUERNSEY
COUNTY BUDGET COMM. ET AL., APPELLEES.

(No. 406—Decided July 21, 1967.)

*Mr. Russell H. Booth, Jr.,* for appellant.
*Mr. James R. Scott,* for appellees.

McLAUGHLIN, P. J.  The Cambridge City School District was dissatisfied with the action of the Guernsey County Budget Commission when it approved its tax levy under the ten-mill limitation (Ohio Constitution Section 2, Article XII) under Section 5705.31, Revised Code.  It appealed to the Board of Tax Appeals under Section 5705.37, Revised Code.  That board fixed rates identical to those which had been fixed by the budget commission.  Appeal to this court under Section 5717.04, Revised Code, followed.

Section 5705.31, Revised Code, provides in pertinent parts:
"*The commission shall ascertain that the following levies are properly authorized and if so authorized, shall approve the following levies without modification*:
"(A) * * *
"(B) * * *
"(C) * * *
"(D) *A minimum levy within the ten-mill limitation for the current expense and debt service of each subdivision or taxing unit, which shall equal two thirds of the average levy for current expenses and debt service allotted within the fifteen-mill limitation to such subdivision or taxing unit during the last five years said fifteen-mill limitation was in effect,* * * *
"(E) * * *
"(F) *Divisions (A), (B), (C), (D), and (E) are mandatory and commissions shall be without discretion to reduce such minimum levies except as provided in such divisions.*" (Emphasis added.)

Section 5705.37, Revised Code, provides in pertinent part:
"This section does not give the Board of Tax Appeals any authority to place any tax levy authorized by law within the ten-mill limitation outside of such limitation, *nor to reduce any levy below any minimum fixed by law.*" (Emphasis added.)

It is stipulated that the minimum levies under the formula of Section 5705.31 (D), Revised Code, are as follows:

| Subdivision | Mills |
|---|---|
| County of Guernsey | 2.50 |
| City of Cambridge | 2.80 |
| Cambridge Township | .10 |
| Cambridge City School District | 4.40 |
| Total | 9.80 |

This leaves two-tenths of a mill as free millage for distribution at the discretion of the budget commission.

However, the budget commission in its certification to the Cambridge City School District under Section 5705.34, Revised Code, approved and authorized levies within the ten-mill limitation as follows:

| Subdivision | Mills |
|---|---|
| County of Guernsey | 3.00 |
| Cambridge City School District | 4.00 |
| City of Cambridge | 2.90 |
| Cambridge Township | .10 |
| **Total** | 10.00 |

This certification reduced the levies of Cambridge City School District by .40 of a mill. In our opinion this reduction is contrary to law.

To put it bluntly the Cambridge City School District is to receive .4 mill under or below the minimum fixed by law.

The excuse of the budget commission and in turn of the Board of Tax Appeals is spelled out in the opinion-entry of the board.

"It is apparent that for a proper determination of the precise meaning of the provisions of Revised Code Section 5705.31, it is necessary to first determine the correct interpretation of the words 'each subdivision or taxing unit' as set forth in said statute. It appears clear that these terms refer to a subdivision or taxing unit as existed and was bounded and constituted during the years 1929 through 1933. * * *"

The definition of "subdivision" as contained in Section 5705.01 (A) reads in pertinent words, " 'subdivision' means *any* county * * * or school district, * * *" and (H) " 'Taxing unit' means *any* subdivision * * * having authority to levy taxes on the property in such district * * *." These definitions contain nothing that would limit a subdivision or taxing unit with boundaries as they existed during 1929 through 1933. If the Legislature had intended any such boundary limitations it could well have said so.

The situation giving rise to the adoption of this excuse came about when a part of the territory of the Liberty-Wheeling Local School District was duly annexed to the Cambridge City School District. At the time of that annexation, the minimum levy under the Statute, Section 5705.31, *supra*, within the ten-mill limitation for Cambridge City School District was 4.4 and for the Liberty-Wheeling Local School District it was 4.00 mills.

The Board of Tax Appeals said further in its opinion-

entry: "To interpret this language to mean any subdivision or taxing unit as it now exists and regardless of any annexations or detachments of territory that may have ocucrred since 1934 is to render the statute without meaning."

The Board of Tax Appeals then likened the Cambridge City School District to an "entirely new created district" since 1934, and said: "In such cases there would be no minimum levies for the five-year period set out in Revised Code Section 5705.31 and in order to arrive at a minimum levy for the newly created district, said minimum levy must of necessity be the lowest of the minimum levies of the 'inside millage' of the previously existing subdivisions * * *."

The legislative intent placed upon Section 5705.31, Revised Code, *supra*, by the Board of Tax Appeals, is without authority of law, puts a penalty upon natural growth and development of any subdivision and especially upon school districts.

Assuming, but not approving the reasoning of the Board of Tax Appeals for the annexation here did not create an entirely new subdivision or taxing unit, we point out that even if the lowest of the "inside millage" of the previously existing subdivision, in this case Liberty-Wheeling Local School District, at 4.00 mills, it would still be possible by applying the other minimal tax levies within the ten-mill limitation to ascertain that the budget request of Cambridge City School District was within the ten-mill limitation and was, therefore, properly authorized.

For the minimum levies under Section 5705.31 (D), Revised Code, would then be:

| Subdivision | Mills |
| --- | --- |
| County of Guernsey | 2.50 |
| City of Cambridge | 2.80 |
| Cambridge Township | .10 |
| Cambridge City School District | 4.00 |
| Total | 9.40 |

The mandated levy of the Cambridge City School District could even then be made within the 10-mill constitutional limitation.

Regardless of any territorial changes that may have taken place, since 1933, the minimal levies of the "inside millage" remain the same, based upon the formula of the statute which fixes by law the minimum tax levies of such "inside millage" which the budget commission "shall approve * * * without modification."

Neither the budget commission nor the Board of Tax Appeals has any discretion to exercise in this case, since all the mandatory minimum tax levies of "inside millage" can be met without going over the ten-mill limitation. It is only when the mandatory minimum levies exceed the ten-mill limitation that the administrative agencies, the budget commission and the Board of Tax Appeals, have any discretion.

In this case the total of the mandated minimum levies of "inside millage" is 9.8 mills, *supra*. Since that total does not exceed the ten-mill constitutional limitation, and since the minimum levies of inside millage are fixed by law under Section 5705.31 (D), neither the budget commission nor the Board of Tax Appeals can reduce any of the levies so fixed by law.

The words of Section 5705.31, Revised Code, are clear and unambigious. They need no construction or interpretation of legislative intent in this case. The formula set forth in subdivision (D) can and must be followed.

Any other formula however equitable, reasonable or expedient would be administrative or judicial legislation.

For the reasons given, the determination of the budget commission and the decision of the Board of Tax Appeals are reversed as being contrary to law. Judgment is entered that the budget commission and the Board of Tax Appeals comply with the provisions of Sections 5705.31 and 5705.37, Revised Code, with the minimum levy for the Cambridge City School District to be determined in accordance with the formula of Section 5705.31 (D) at 4.4 mills.

*Decision reversed and judgment accordingly.*

Van Nostran, J., concurs.

Rutherford, J., dissenting. Search of the Code does not reveal any express provision for the method of computing the mandatory minimum levy for the resulting district when by

annexation or consolidation there has been a combining of territories for which different mandatory minimum levies are provided under the provisions of Section 5705.31 (D), Revised Code.

The "subdivision" or "taxing unit" for which a mandated minimum levy is computed, under the provisions of Section 5705.31 (D), is not the "subdivision" or "taxing unit" after annexation or detachment of territory but is the "subdivision or taxing unit during the last five years such fifteen-mill limitation was in effect."

As thus determined, territory in the Liberty-Wheeling Local School District became entitled to a mandated minimum levy of 4.0 mills and territory in the Cambridge City School District became entitled to a mandated minimum levy of 4.4 mills.

Now that territory from the Liberty-Wheeling Local School District has been transferred to the Cambridge City School District, what is the mandated minimum levy which becomes applicable under the provisions of Section 5705.31, Revised Code, to the entire territory as combined?

When territories having different mandated minimum levies have been combined, it is my opinion that under the provisions of Section 5705.31, Revised Code, the intent of the Legislature is that the mandated minimum levy for the combined territory be such that the monies accruing therefrom to the combined district shall not be less in any year than the sum of the amounts that would have otherwise been received by the territories separately.

Such a prorated levy can easily be computed by multiplying the separate tax valuation of each territory by its separate mandated levy prior to combination and dividing the sum of the amounts raised by the total tax valuation of the combined territories.

Such prorated levy when computed will be more than 4.0 mills but less than 4.4 mills, and will be a uniform levy applicable to all the combined territory. It will give to the combined district an amount as mandated by Section 3705.31, Revised Code, with which mandate the budget commission and the Board of Tax Appeals have failed to comply. It will not give to the combined district an amount in excess of that man-

dated by Section 3705.31, Revised Code, as does the majority opinion. For the court to provide out of free millage an amount over and above the mandated minimum is usurpation by the court of a function specifically delegated by the Legislature to the budget commission. Had the budget commission after providing for all mandated minimum levies, used free millage within the ten-mill limitation to bring the levy of the combined district up to 4.4 mills, it would have been acting within its discretionary authority, but the commission did not so act. The court can require the budget commission and the Board of Tax Appeals to comply with mandatory requirements of the law but must not usurp discretionary power which has been delegated to the budget commission.

The majority opinion also contains a statement that:

"It is only when the mandatory minimum levies exceed the ten-mill limitation that the administrative agencies, the budget commission and the Board of Tax Appeals, have any discretion."

It is my opinion that it is only when the aggregate of the mandated minimum levies is less than ten mills, as in the instant case, that the budget commission and the Board of Tax Appeals have discretion as to allotment of the unmandated balance.

When the mandated minimum levies exceed the ten-mill limitation, the administrative agencies, the budget commission and the Board of Tax Appeals, would have no discretionary power; rather it would be their mandatory duty to reduce the aggregate of the levies to the ten-mill limitation of Section 2 of Article 12 of the Constitution of Ohio. Under such circumstances, proration would again become necessary, and I would concur with the holding in the syllabus of the opinion of the Attorney General, 1956, No. 7421, which reads:

"When by a combination of taxing districts the minimum levies prescribed by Section 5705.31 (D), Revised Code, exceed the constitutional ten-mill limitation, it becomes the duty of the Budget Commission to reduce these levies proportionately to bring the aggregate of them within the constitutional limitation."