CAMBRIDGE CITY SCHOOL DISTRICT, APPELLANT, *v.* GUERNSEY COUNTY BUDGET COMMISSION, APPELLEES.

[Cite as Cambridge City School Dis. v. Guernsey Co. Budget Comm., 13 Ohio Misc. 258.]

(No. 63575.)

Board of Tax Appeals, Department of Taxation of Ohio.

*Mr. Russell H. Booth, Jr.*, for appellant.
*Mr. Thomas L. Tribbie*, prosecuting attorney, and *Mr. James R. Scott*, for appellees.

This cause and matter came on to be considered by the Board of Tax Appeals upon a notice of appeal filed herein under date of November 7, 1966, by the appellant above named from an action of the Guernsey County Budget

Commission received by appellant on or about October 11, 1966, wherein the 1966 tax levies within the ten-mill constitutional limitations for the political subdivisions and taxing units having a portion or all their property within the geographical limits of the Cambridge City School District, as it now exists, were set as follows:

| Political Subdivision or Taxing Unit | Mills |
| --- | --- |
| Guernsey County | 3.00 |
| Cambridge Township | .10 |
| Cambridge City School District | 4.00 |
| City of Cambridge | 2.90 |
| Total | 10.00 |

The appellant, in its notice of appeal, claims that the only legal allocation of the inside millage would be as follows:

| Political Subdivision or Taxing Unit | Mills |
| --- | --- |
| Guernsey County | 2.60 |
| Cambridge Township | .10 |
| Cambridge City School District | 4.40 |
| City of Cambridge | 2.90 |
| Total | 10.00 |

This identical question was before the Board of Tax Appeals for decision for the tax year 1965, and on April 12, 1966, this board journalized its entry and decision wherein it found no statutory justification for the appellant's claim that, as a matter of right, its school district with enlarged geographical limits was entitled to an inside millage of 4.40. The entry and decision of the Board of Tax Appeals reads as follows:

"This cause and matter came on to be considered by the Board of Tax Appeals upon a notice of appeal filed herein under date of January 18, 1966, by the appellant above named from an action of the Guernsey County Budget Commission taken on or about December 11, 1965, wherein the 1965 tax levies within the ten-mill constitutional limitation for the political subdivisions and taxing

units having a portion or all their property within the geographical limits of the Cambridge City School District were set as follows:

| Political Subdivision or Taxing Unit | Mills |
|---|---|
| Guernsey County | 3.00 |
| Cambridge Township | .10 |
| Cambridge City School District | 4.00 |
| City of Cambridge | 2.90 |
| | 10.00 |

"In its notice of appeal to the Board of Tax Appeals, pursuant to the provisions of Section 5705.37, Revised Code, the Cambridge City School District assigns the following errors in the action of said Budget Commission in the allocation of the rate of said tax levies for the fiscal year 1966:

" '1. The allocation to appellant of the rate of the tax levy within the 10 mill limitation was made at a rate of 0.4 of a mill under the minimum guarantee as fixed by law, Section 5705.31, Revised Code, there being 0.6 of a mill of "free millage" available within the 10 mill limitation.

" '2. The allocation to the appellant of its portion of the tax levy within the 10 mill limitation was contrary to law.'

"The matter was set down for hearing before the Board of Tax Appeals in Columbus, Ohio, on February 14, 1966, and the matter is submitted to the Board of Tax Appeals on the notice of appeal, the record made at said hearing and the briefs filed by counsel.

"When the matter was called for hearing, pursuant to assignment, counsel for the parties read into the record the following agreed stipulation of fact:

" " 'In the beginning, the difficulty which gave rise to this appeal was an election held in November of 1964, the general election, pursuant to Section 3311.231, Revised Code, whereby the voters in a portion of the Liberty-Wheeling Local School District voted affirmatively to propose the annexation of this territory to the Cambridge City School District.

" 'On June 6, 1965, the Guernsey County Board of Education formally made the proposal of annexation to the Cambridge City School District Board of Education to be effective July 1, 1965.

" 'On or about June 29, 1965, the Cambridge City Board of Education, by resolution, formally approved the annexation and accepted the proposed transfer. The minimum guaranteed levies for the subdivisions involved in this appeal, pursuant to Section 5705.31, Revised Code, within the 10 mill limitation, are as follows:

" 'By applying the formula, Cambridge City School District received 4.4 mills which they had received up to the current year.

" 'The County of Guernsey, 2.5 mills. They have received 3.0 mills in the past several up to this year.

" 'Liberty-Wheeling Local School District is 4.0 mills which they received up to now.

" 'The city of Cambridge, municipality of Cambridge, 2.8 mills. They received 2.5 mills up to now.

" 'The rates actually fixed by the Guernsey County Budget Commission for this year are as follows:

" 'Cambridge City School District, 4.0, a reduction of .4 of a mill.

" 'County of Guernsey, 3.0 mills, the same as before.

" 'Cambridge municipal corporation, 2.9 mills which is plus .4 of a mill.

" 'Cambridge Township is 1.1 mills, the same as before, which the allocation is the full 10 mills.

" 'If the 4.4 guaranteed inside millage for the Cambridge City School District is applied uniformly throughout the district as it is now constituted including the area annexed, the annexed area would have a millage of 10.4 mills.

" 'As far as dates are concerned, the budget was filed with the County Budget Commission by the Cambridge City School District on August 20, 1965. The Budget Commission certified to the rates on December 11, 1965. This was received by them on December 20, 1965.

" 'The notice of appeal in this case was filed January 18, 1966.

" 'It has also been agreed that the only adjustment that can be made uniformly throughout the Cambridge City

School District to correct this situation is a reduction of the inside millage of the County of Guernsey, and the relative cost of these adjustments, if the county inside millage is lowered by .4 of a mill, it will cost the county $34,000. If the city's allocation is lowered—city school district allocation is lowered, it will cost the city $22,000.

" 'That is our stipulation of facts.'

"Section 5705.31, Revised Code, provides, in pertinent part, as follows:

" ' * * *. The commission shall ascertain that the following levies are properly authorized and if so authorized, shall approve the following levies without modification:

" ' * * *

" ' (D) A minimum levy within the ten mill limitation for the current expense and debt service of *each subdivision or taxing unit*, which shall equal two-thirds of the average levy for current expenses and debt service allotted within the fifteen mill limitation to *such sub-division or taxing unit* during the last five years said fifteen mill limitation was in effect, unless *such sub-division or taxing unit* requests an amount requiring a lower rate. * * *' (Emphasis by BTA.)

"It is apparent that for a proper determination of the precise meaning of the provisions of Section 5705.31, Revised Code, it is necessary to first determine the correct interpretation of the words 'each subdivision or taxing unit' as set forth in said statute. It appears clear that these terms refer to a subdivision or taxing unit as it existed and as it was bounded and constituted during the years 1929 through 1933. To interpret this language to mean any subdivision or taxing unit as it now exists, and regardless of any annexations or detachments of territory that may have occurred since 1934, would render the statute without meaning. It is possible for an entirely new subdivision or taxing unit to have been created subsequent to 1934 by virtue of the incorporation of a new municipality or the creation of a new township or school district. In such cases there would be no average levies for the five-year period set out in Section 5705.31, Revised Code, and,

in order to arrive at a minimum levy for the newly created district, said minimum levy must, of necessity, be the lowest of the minimum levies of the 'inside millage' of the previously existing subdivisions or taxing units out of which the new municipality, township or school district was created.

"The appellant takes the position that regardless of whatever territorial changes in a subdivision may have taken place during the years subsequent to 1933, and whether or not such territorial changes resulted from the *voluntary* action of such subdivision or taxing unit, that nevertheless the minimum levy of 'inside millage' of such subdivision or taxing unit remains the same based upon the levies for the years 1929 through 1933, regardless of the effects of such minimum levies upon other subdivisions or taxing units.

"The appellees take the position that the language, 'subdivision or taxing unit' as to which the minimum levy of 'inside millage' is mandatory upon a county budget commission is confined to such a subdivision or taxing unit as it actually existed in 1934, so long as such subdivision or taxing unit does not add territory from another subdivision or taxing unit having a lower minimum levy of 'inside millage.' The appellees further maintain that in the event such addition of territory enlarges the geographical boundaries of such subdivision or taxing unit, then it has forfeited or waived its statutory and absolute right to demand the minimum levy of 'inside millage' based upon the years 1929 through 1933, which absolute right it had previously enjoyed.

"Another contention of the appellant is that the County Budget Commission is empowered with the duty to adjust minimum levies when territorial changes occur and that discretion is given to the commission as to the manner to effectuate such adjustments in order to realize the most revenue within the ten-mill limitation to the best interest of all political sub-divisions affected. However, in the appeal now before us, there is neither an allegation of abuse of discretion on the part of the Budget Commission nor has any evidence been produced to show any abuse of

discretion. The only budget we have before us is the budget prepared by the appellant and we must assume that the Budget Commission, in passing upon the budget presented to it by the appellee, County of Guernsey, and by the City of Cambridge and by the Township of Cambridge, acted in good faith in the exercise of its discretion and assigned the disputed and so-called 'free millage' to the county, rather than to the appellant.

''It appears to the Board of Tax Appeals that the Guernsey County Budget Commission was exercising its discretion when it took this action and in the absence of an allegation of or proof of fraud, bad faith or abuse of discretion, the Board of Tax Appeals, from the information now before us, would not be justified in making any change in the tax rates as set by the Guernsey County Budget Commission.

''For a general discussion as to the discretion given to a budget commission in exercising its directory powers and duties, see *State, ex rel. City of Dayton* v. *Patterson* (1915), 93 Ohio St. 25 and *State, ex rel. Board of Education of East Liverpool City School District* v. *Columbiana County Budget Commission* (1942), 140 Ohio St. 65.

''It is the opinion of the Board of Tax Appeals that when one school district is *voluntarily* received and transferred to another school district pursuant to Section 3311.-231, Revised Code, the inside mandated tax levies of the district being received would apply to the entire newly consolidated district unless the application of such rate would force an infringement of the ten-mill limitation of Article XII, Section 2 of the Ohio Constitution when, if such were the result, the inside tax levy for the newly consolidated school district would be the maximum tax levy which would allow for inside levies of no more than ten mills throughout the entire consolidated school district. See Opinion of the Ohio Attorney General No. 1373, dated May 24, 1960.

''In conclusion, and taking into consideration the observations and opinions above noted, and acting pursuant to the provisions of Section 5705.37, Revised Code, the Board of Tax Appeals herewith determines that the follow-

ing millage within the ten-mill constitutional limitation be levied for the tax year 1965 for the several political subdivisions and taxing units having property within the geographical limits of the Cambridge City School District as it now exists following its receipt of territory formerly belonging to Liberty-Wheeling Local School District:

| Political Subdivision or Taxing Unit | Mills |
|---|---|
| Guernsey County | 3.00 |
| Cambridge Township | .10 |
| Cambridge City School Dist. | 4.00 |
| City of Cambridge | 2.90 |
| | 10.00'' |

Under date of July 21, 1967, this decision of the Board of Tax Appeals was reversed by a 2 to 1 decision of the Guernsey County Court of Appeals, wherein the contention of the appellant was upheld. This decision of the Court of Appeals is reported in 11 Ohio App. 2d 77. From a reading of this decision it appears to the Board of Tax Appeals that the provisions of Section 5705.31 (D), Revised Code, which provides for mandated levies within the 10 mill limitation for those subdivisions or taxing units which were in existence during the years 1929 through 1933, are now meaningless. Obviously the Cambridge City School District as it now exists, following its voluntary acceptance of territory of the Liberty-Wheeling Local School District, is not the same subdivision or taxing unit as it was in the years 1929 through 1933 and which must have been the one referred to in Section 5705.31 (D), Revised Code. We therefore do not agree with the Guernsey County Court of Appals but we recognize that we have no choice but to follow the decision of said court above referred to.

The parties in interest have waived oral hearing in this matter and have filed the following stipulation of facts:

"The following facts are hereby agreed and stipulated by and between counsel as the relevant and material facts in the above-captioned matter, and are hereby submitted

to the Board of Tax Appeals to be made a part of the record, to-wit:

"At the General Election held in November of 1964, a question was submitted to the electors of Liberty-Wheeling Local School District, Guernsey County, Ohio, pursuant to Section 3311.321, Revised Code, proposing the attachment of the southern portion of said school district to Cambridge City School District. Following a majority affirmative vote on said issue, the Guernsey County Board of Education, according to law, on June 6, 1965, formally proposed the attachment of the territory to the City School District, effective July 1, 1965. On or about June 29, 1965, the City School District, by resolution, formally accepted the proposed attachment of territory.

"The minimum guaranteed tax levies within the ten-mill limitation resulting from the application of the formula set forth in Section 5705.31, Revised Code, for the subdivisions involved in this appeal are as follows, to-wit:

| | |
|---|---|
| Cambridge City School District | 4.40 mills |
| County of Guernsey | 2.50 mills |
| City of Cambridge | 2.80 mills |
| Township of Cambridge | 0.10 mills |
| Liberty-Wheeling Local School District | 4.00 mills |

"For many years prior to the tax year 1966, the above mentioned subdivisions had been allocated the following rates of tax with the ten mill limitation, to-wit:

| | |
|---|---|
| Cambridge City School District | 4.40 mills |
| County of Guernsey | 3.00 mills |
| City of Cambridge | 2.50 mills |
| Township of Cambrdige | 0.10 mills |
| Liberty-Wheeling Local School Dist. | 4.00 mills |

"Following the attachment of the territory to the City School District as above-mentioned, on or about December 11, 1965, the Guernsey County Budget Commission certified the following rates for said sub-divisions within the ten mill limitation for the tax year 1966, to-wit:

| | |
|---|---|
| Cambridge City School District | 4.00 mills |
| County of Guernsey | 3.00 mills |
| City of Cambridge | 2.90 mills |
| Township of Cambridge | 0.10 mills |

"From the above-mentioned action of the budget commission setting rates for the tax year 1966, the Cambridge City School District perfected an appeal to the Board of Tax Appeals (Case No. 60397), and following a hearing this board, on April 12, 1966, affirmed and approved the action of the Guernsey County Budget Commission in setting the rates as above-mentioned. From the decision of the Board of Tax Appeals, the Cambrdige City School District perfected an appeal to the Court of Appeals, Fifth District, Guernsey County, Ohio (Case No. 406), and that court, on July 21, 1967, in a decision reported in 11 Ohio App. 2d 77, reversed the decision of this board as being contrary to law and entered judgment that the City School District, under the circumstances of the case, must be allocated millage inside the ten mill limitation at the rate of 4.40, being former guaranteed rate.

"On September 30, 1966, the Guernsey County Budget Commission certified tax rates within the ten mill limitation for the tax year 1967, identical to the rates certified for the tax year 1966, as above set forth. On November 7, 1966, the City School District perfected this appeal to the Board of Tax Appeals. It is the action of the budget commission setting rates for the tax year 1967 which is presently before this board for review, however, the questions and issues presented are identical to those presented in Case Number 60397 before this board as above-mentioned.

"Taxes for the tax year 1966, and up to the present time in the current tax year (1967) have been collected and disbursed to the sub-divisions at the rates certified by the Guernsey County Budget Commission, as set forth above. The only reduction in rates which can be uniformly applied throughout the entire City School District in order to retain the inside millage of said City School District at 4.40, is a 0.40 mills reduction in the rate for the County of Guernsey.

"Based upon present tax valuations, if the City School District rate is lowered to 4.00 as certified by the budget commission, the City School District will receive approximately $18,000.00 less per year than it would have received if the rate of 4.40 were applied. If the rate of the

County of Guernsey is lowered by 0.40 mills the county will receive revenues of approximately $34,000.00 less per year than before such rate reduction.

"This concludes the stipulation of fact in this case, by and between the undersigned counsel of record for certain of the parties herein."

Giving effect to the opinion of the Guernsey County Court of Appeals, as reported in 11 Ohio App. 2d 77, the Board of Tax Appeals, acting under the pertinent provisions of Section 5705.37, Revised Code, herewith determines that the following millage within the ten-mill constitutional limitation be levied for the tax year 1966 for the several political subdivisions and taxing units having property within the geographical limits of the Cambridge City School District, as it now exists, following its receipt of territory formerly belonging to Liberty-Wheeling Local School District:

| Political Subdivision or Taxing Unit | Mills |
| --- | --- |
| Guernsey County | 2.60 |
| Cambridge Township | .10 |
| Cambridge City Sch. Dist | 4.40 |
| City of Cambridge | 2.90 |
| Total | 10.00 |

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation this day taken with respect to the above matter.

Arthur W. Moore

Secretary