CAMBRIDGE CITY SCHOOL DISTRICT, APPELLEE, *v.* GUERNSEY COUNTY BUDGET COMM. ET AL., APPELLANTS. (Two cases.)

(Nos. 41257 and 41365—Decided February 21, 1968.)

*Mr. Russell H. Booth, Jr.,* for appellee.
*Mr. James R. Scott,* for appellants.

This court adopts the syllabus, supported by the opinion, in *Cambridge City School Dist.* v. *Guernsey Co. Budget Comm.,* 11 Ohio App. 2d 77, and the decisions of the Board of Tax Appeals are affirmed on authority of that case.

*Decisions affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., dissenting. Were I to express an opinion in these causes I would concur with my colleagues. However, I do not believe that the Supreme Court has jurisdiction of the causes of action or the parties for the reason that Section 5717.04 of the Revised Code clothes the Supreme Court with jurisdiction in appeals from the Board

of Tax Appeals only when "property taxed" is involved and then provides that "in all other instances, the proceeding * * * shall be by appeal to the Court of Appeals for Franklin County."

In the cases at bar no question arises with respect to the location of the property taxed or the residence of the taxpayer, individual or corporate. My colleagues contend that the question of jurisdiction was not raised. However, since the General Assembly has specifically conferred sole jurisdiction in the instant cases upon the Court of Appeals for Franklin County this court should, *sua sponte*, pass upon the question. See Section 2505.21 of the Revised Code, which provides in part the following: "* * * but the court may consider and decide errors *which are not assigned or specified.* * * *" (Emphasis added.)