THE STATE, EX REL. CHESTER TOWNSHIP BOARD OF TRUSTEES ET AL., *v.* MAKOWSKI, AUDITOR, ET AL.
THE STATE, EX REL. DELHI TOWNSHIP ET AL., APPELLEES, *v.* WILKE, TREASURER, ET AL., APPELLANTS.

[Cite as State, ex rel. Chester Twp. Bd. of Trustees, *v.* Makowski (1984), 12 Ohio St. 3d 94.]

(Nos. 82-5 and 83-604—Decided July 11, 1984.)

*Joseph W. Diemert, Jr. & Assoc. Co., L.P.A.,* and *Mr. Joseph W. Diemert, Jr.,* for relators in case No. 82-5.

*Messrs. Weston, Hurd, Fallon, Paisley & Howley, Mr. John M. Baker* and *Mr. Matthew P. Moriarty,* for respondents in case No. 82-5.

*Metzger, Phillips & Nichols Co., L.P.A., Mr. A. David Nichols* and *Mr. Timothy G. Mara,* for appellees in case No. 83-604.

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, *Mr. Robert W. Worth* and *Mr. Rankin M. Gibson,* for appellants in case No. 83-604.

*Per Curiam.* At the time these actions were commenced, R.C. 135.21 provided in part:

"All interest earned on money included within a public deposit [depository] and belonging to undivided tax funds shall, except as otherwise expressly provided by law, be apportioned by the auditor pro rata among the separate funds or taxing districts in the proportions in which they are entitled to receive distribution of such undivided tax funds, due allowance being made for sums transferred in advance of settlements. All interest earned from other moneys deposited by a treasurer, which by reason of being

custodial funds, or funds belonging in the treasury of a taxing, assessment, or other district of which he is acting as ex officio treasurer, or for any other reason, do not belong in the treasury of the state or subdivision, shall be apportioned among and credited to the funds to which the principal sums of such deposits or investments belong."

This statute is unambiguous in its requirement that the county apportion to local subdivisions and taxing authorities the interest attributable to their tax revenues. Accordingly, we agree with the contention of relators and appellees that the counties illegally transferred this interest to their general funds.

We disagree with the counties' argument that the transfer of interest to their general funds was authorized by R.C. 321.44 (repealed effective March 15, 1982). That statute provided, in relevant part:

"The board of county commissioners in each county may, by resolution adopted and recorded, invest so much of the funds received by the county as are not required to meet current expenses, in bonds or other interest bearing obligations of the United States or those for the payment of principal and interest of which the faith of the United States is pledged, * * *.

"* * * All such bonds or obligations shall be deposited with the treasurer as custodian thereof, and he shall collect the principal sum of such bonds or obligations and the installments of interest thereon as they become due and payable, and pay them when collected into the proper county fund. * * *"

This statute makes no reference to funds belonging to local taxing authorities and held by the county. Thus, we find it applied only to county revenues. Moreover, any investment under this statute required a properly adopted and recorded resolution. The counties herein did not comply with this requirement. To the contrary, both Geauga and Hamilton Counties had adopted resolutions designating depositories under the Uniform Depository Act (R.C. Chapter 135) for the relevant time periods.

A more perplexing issue is raised with respect to determining the extent to which the local taxing authorities may now recover interest already transferred. During all of the time that former R.C. 135.21 was in effect, the counties herein have been unlawfully transferring the subject interest to their general funds without objection until the commencement of these proceedings. Accordingly, the counties argue that the doctrines of laches or acquiesence apply to bar the claims of the local taxing authorities.

In case No. 82-5 this argument is unfounded because relators have made no claim for the return of interest transferred prior to December 21, 1981. Having brought this action within a month of that transfer, we cannot conclude that relators are guilty of laches or acquiescence. We agree with the court of appeals, however, that this argument is relevant in case No. 83-604.

As a general rule laches does not apply to bar a claim made by a governmental unit. *Lee v. Sturges* (1889), 46 Ohio St. 153, 176. We believe, however, that the circumstances herein justify a limited exception to this rule.

First, we recognize the administrative inconvenience and economic hard-

ship which would devolve upon Hamilton County if it were required to ascertain the amounts and make payment of interest transferred over the last twenty-five years as requested by Delhi. The imposition of this burden is simply not justified where the practice has gone unchallenged for so many years. Our decision in this regard is also influenced by the fact that the relevant statutory provisions were amended subsequent to the commencement of these proceedings to obviate the requirement that interest be apportioned.

Effective March 15, 1982, Am. Sub. H.B. No. 230 was passed which, *inter alia,* amended R.C. 135.21, enacted R.C. 135.351 and repealed R.C. 321.44. R.C. 135.21 was amended to limit the payment of interest to those situations described in R.C. 135.351. R.C. 135.351 requires the counties to disburse tax funds to the local taxing authorities within specified time limits and authorizes the payment of interest only when those time requirements are not complied with.

In view of these facts we hold that the local taxing authorities herein may not recover interest transferred in the years prior to bringing this suit. Thus, relators in case No. 82-5 are limited to recovering the interest transferred from December 1981, and in case No. 83-604 Delhi Township may not recover interest transferred prior to 1978. No interest is owed these taxing authorities after March 15, 1982, except as provided in R.C. 135.351.

In view of our limited holding we are unpersuaded by the counties' arguments that the return of interest illegally transferred is financially impossible. Payment of the judgments rendered herein will not cause the counties to curtail their operations "to the extent that it would be impossible for them to perform their statutory duties." *State, ex rel. Brown,* v. *Bd. of County Commrs.* (1970), 21 Ohio St. 2d 62 [50 O.O.2d 159], syllabus.

Accordingly, the writ prayed for is allowed in case No. 82-5. The judgment of the court of appeals in case No. 83-604 is modified to award appellees all interest attributable to their tax revenues from 1978 and, as modified, affirmed.

*Writ allowed in case No. 82-5.*
*Judgment affirmed as modified in case No. 83-604.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.