THE STATE, EX REL. DELHI TWP. ET AL., APPELLEES, *v.* WILKE ET AL., APPELLANTS.

350

*Metzger, Phillips & Nichols* and *A. David Nichols,* for appellees.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Thomas J. Scheve,* for appellants.

BLACK, P.J. In the second appeal of this case from the court of common pleas, the principal question is whether plaintiffs-appellees were entitled to recover attorney fees and expenses from defendants-appellants. The trial court awarded plaintiffs $30,292.30 for attorney fees and expenses, but we reverse because there is no authority for an award of attorney fees in this lawsuit.

A brief review of the history of this litigation will assist in explaining the reasons for reversal. The action was commenced by a complaint filed in October 1978 by Delhi Township "as a lawful political subdivision of the state" and two of its trustees in their official capacity. W. Emerson Dusty Rhodes and Jerome Luebbers are designated as trustees of the township in paragraph four of the complaint, although their names have no designation in the caption. The complaint asks for a declaratory judgment under R.C. Chapter 2721 that it was "illegal and unlawful" for defendants, the Hamilton County Treasurer, the County Auditor and the County Commissioners, to refuse to apportion to the township interest on tax revenues collected and held by the county for and on behalf of the township. The claim was that R.C. 135.21 mandates that such interest must be apportioned and paid to the township.

Unsuccessful before the court of common pleas, plaintiffs appealed to this court, and in case No. C-820357 (Feb. 16, 1983), unreported, we held that the township was entitled under the statute to interest that accrued on its funds while they were held in the county's depository. We remanded the case for a determination about when the township made its first request for apportionment and about other matters relating to the amount due the township.

On appeal from this decision by defendants, the Supreme Court affirmed our judgment that the county illegally transferred the interest on the township's funds to the county's general fund, but modified our judgment by ruling that Delhi Township could not recover interest illegally transferred *prior* to 1978, the year in which plaintiffs' complaint was filed, or *after* March 15, 1982, the day on which R.C. 135.21 was amended to authorize payment of interest to taxing subdivisions only when certain specified time limits for disbursement of tax revenues are exceeded. *State, ex rel. Chester Twp. Bd. of Trustees,* v. *Makowski* (1984), 12 Ohio St. 3d 94.

On remand to the court of common pleas and after an evidentiary hearing on the plaintiffs' request for reasonable attorney fees, the trial court journalized a final entry in which it awarded Delhi Township (1) $191,266.60 as interest on township tax revenues while in the county's depository, and (2) $30,292.30 as reimbursement for expenditures made by the township for attorney fees and expenses.

Defendants now appeal from that part of the final judgment which awarded attorney fees and expenses, claiming in two assignments of error that the trial court erred in giving the township any attorney fees at all, and that if on the contrary attorney fees were properly awarded, they should be paid only out of the fund generated by plaintiffs' lawsuit. Both plaintiffs and defendants represented in their briefs on appeal that the amount awarded as interest was settled and agreed to by them at the trial court level. That part of

the final judgment is neither questioned nor attacked in this appeal, and we do not reverse it. However, finding no authority in Ohio law for an award of reimbursement for attorney fees and expenses in this lawsuit, we sustain the first assignment of error and reverse that part of the judgment.

It is beyond dispute that in Ohio, under the "American Rule," a prevailing party cannot recover his attorney fees and expenses unless there is specific statutory authority for it (or unless punitive damages are awarded, a circumstance not applicable in this litigation). *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177 [75 O.O. 2d 224]; 19 Ohio Jurisprudence 3d (1980) 177, Costs in Civil Actions, Section 24.

Plaintiffs contend the award under question was made because this was a "taxpayer's action" brought under R.C. 309.12 and 309.13.[1] We disagree. This lawsuit was neither commenced nor prosecuted as a taxpayer's action. The complaint was by its very terms an action for both a declaratory judgment about interest on the township's tax revenues

---

[1] R.C. 309.12 and 309.13 read in full:

"R.C. 309.12 (protection of public funds):

"*Upon being satisfied that funds of the county, or public moneys in the hands of the county treasurer or belonging to the county, are about to be or have been misapplied,* or that any such public moneys have been illegally drawn or withheld from the county treasury, or that a contract, in contravention of law, has been executed or is about to be entered into, or that such a contract was procured by fraud or corruption, or that any property, real or personal, belonging to the county is being illegally used or occupied, or that such property is being used or occupied in violation of contract, or that the terms of a contract made by or on behalf of the county are being or have been violated, or that money is due the county, *the prosecuting attorney may, by civil action in the name of the state, apply to a court of competent jurisdiction,* to restrain such contemplated misapplication of funds, or the completion of such illegal contract, or *to recover, for the use of the county, all public moneys so misapplied or illegally drawn or withheld from the county treasury,* or to recover damages, for the benefit of the county, resulting from the execution of such illegal contract, or to recover, for the benefit of the county, such real or personal property so used or occupied, or to recover for the benefit of the county, damages resulting from the nonperformance of the terms of such contract, or to otherwise enforce it, or to recover such money as is due the county." (Emphasis added.)

"R.C. 309.13 (taxpayer's suit).

"If the prosecuting attorney fails, *upon the written request of a taxpayer of the county,* to make the application or institute the civil action contemplated in section 309.12 of the Revised Code, the taxpayer may make such application or institute such civil action in the name of the state, or, in any case wherein the prosecuting attorney is authorized to make such application, such taxpayer may bring any suit or institute any such proceedings against any county officer or person who holds or has held a county office, for misconduct in office or neglect of his duty, to recover money illegally drawn or illegally withheld from the county treasury, and to recover damages resulting from the execution of such illegal contract.

"If such prosecuting attorney fails *upon the written request of a taxpayer of the county,* to bring such suit or institute such proceedings, or if for any reason the prosecuting attorney cannot bring such action, or if he has received and unlawfully withheld moneys belonging to the county, or has received or drawn public moneys out of the county treasury which he is not lawfully entitled to demand and receive, a taxpayer, upon securing the costs, may bring such suit or institute such proceedings, in the name of the state. Such action shall be for the benefit of the county, as if brought by the prosecuting attorney.

"If the court hearing such a case is satisfied that such taxpayer is entitled to the relief prayed for in his petition, and judgment is ordered in his favor, he shall be allowed his costs, including a reasonable compensation to his attorney." (Emphasis added.)

held by the county and a mandatory injunction enforcing an accounting, apportionment and payment of that interest. It is plain on the face of the complaint that the two individual plaintiffs are joined only in their official capacities as township trustees and not individually as taxpayers of the township. It is further clear in the record, referring to the transcript of the evidentiary hearing on the reasonableness of the claim for attorney fees and expenses, that plaintiffs' attorney was engaged by the township only and not by the individual plaintiffs, that this engagement was authorized by a series of enabling resolutions adopted by the trustees, that it was solely for the purpose of pursuing as "official township business" the claim for interest on tax revenues, and that the township paid the attorney fees and expenses as they were billed from time to time.[2] As the trial court noted in its final judgment entry, the claim was for *"reimbursement for attorney fees and expenses"* (emphasis added).

In brief, this was an action by one political subdivision against another about the allocation or apportionment of interest on public funds. No taxpayer sued on behalf of the township; instead, the township itself began the action and carried it to a final entry, in the township's own name and on its own behalf. Ohio statutes specifically provide for payment of attorney fees in taxpayer suits involving county funds, R.C. 309.12 and 309.13,[3] and in those involving municipal funds. R.C. 733.56 to 733.59 and 733.61. Even in the absence of statutory authority, the Ohio Supreme Court has allowed, "in the exercise of equitable powers," a reasonable attorney fee to an attorney who "restored" money to a village. *Council of Bedford* v. *State, ex rel. Thompson, Hine & Flory* (1931), 123 Ohio St. 413, syllabus. See, generally, Annotation, Allowance of Counsel Fees in Taxpayer's Action in State Court (1979), 89 A.L.R. 3d 690. We find no authority, however, for allowance of attorney fees to one political subdivision arising from its successful lawsuit against another political subdivision for the purpose of apportionment and payment of public funds (specifically, interest earned on tax revenues in the time between receipt and disbursement). As noted, we sustain the first assignment of error.

The second assignment of error is conditional in that it asserts (by implication) that if attorney fees are to be awarded, they must be paid out of the funds allocated to the township by the action. Since no attorney fees are to be awarded, it is not necessary for us to address this assignment of error, and we decline to do so. Nevertheless, at the risk of writing *obiter dicta*, we note that as a general rule, attorney fees and expenses, when payable, are paid out of the fund created or generated by the taxpayer's action. 19 Ohio Jurisprudence 3d (1980) 189, Costs in Civil Actions, Section 36. A corollary rule is that a request for attorney fees will be denied when no fund was created by the tax-

---

[2] No question is raised about the authorization of the payments for attorney fees and expenses, nor about the reasonableness of the fees and expenses paid by the township.

[3] Since this was not a taxpayer's action, we do not reach and do not decide whether R.C. 309.12 and 309.13 would apply to a taxpayer's action seeking to recover funds for the use of the township, rather than "for the use of the county" as set forth in R.C. 309.12. We note that even if these sections authorize a taxpayer's action, no written demand was ever made on the prosecuting attorney to institute the action; that demand is a condition precedent to the taxpayer's authority to proceed because in public litigation the public's attorney should have the first option to take action.

payer's action. *State, ex rel. Scott,* v. *Masterson* (1962), 173 Ohio St. 402 [20 O.O. 2d 36]. See, also, *supra,* Annotation, Allowance of Counsel Fees in Taxpayer's Action in State Court, Section 11. In any event, it is obvious that the net result of our denial of the award for attorney fees and expenses is that the payment of them by the township will have the effect of reducing the monetary benefit of this lawsuit, even though the payment was not made out of the interest award itself.

We reverse that part of the judgment below which awarded plaintiffs' attorney fees and expenses, but we affirm that part which ordered payment to Delhi Township of interest on the township's funds while in the county's depository.

*Judgment reversed in part and affirmed in part.*

SHANNON and KLUSMEIER, JJ., concur.