50

BOARD OF EDUCATION OF STRONGSVILLE CITY SCHOOL DISTRICT, APPELLEE, *v.* LORAIN COUNTY BUDGET COMMISSION ET AL., APPELLANTS.

[Cite as Strongsville Bd. of Edn. *v.* Lorain Cty. Budget Comm. (1988), 38 Ohio St. 3d 50.]

(No. 87-793—Submitted May 24, 1988—Decided July 20, 1988.)

*Mary A. Lentz* and *Robert P. McManus,* for appellee.

*Gregory A. White,* prosecuting attorney, and *John S. Keressi, Jr.,* for appellant Lorain County Budget Commission.

*Garrett J. Murray,* for appellant Board of Trustees of Columbia Township.

*Per Curiam.* The issue before us in this case is whether the minimum levy within the ten-mill limitation is guaranteed for a subdivision by R.C. 5705.31(D) and irreducible unless the subdivision requests a lower rate for the fiscal year in question. For the reasons stated herein, we hold that it is.

Section 2, Article XII of the Ohio Constitution prohibits taxing any property according to value in excess of one percent of its true value unless the excess tax is approved by a majority of the electors in the taxing district or provided by municipal charter. R.C. 5705.02, in harmony with this provision, limits the aggregate amount of

taxes levied on any taxable property in a subdivision to ten mills, the so-called ten-mill limitation. Subdivisions and taxing units may levy millage in addition to this millage only if specifically authorized, *i.e.*, by majority vote of the electorate or by provision in a municipal charter.

R.C. 5705.31, in pertinent part, provides:

"The [county budget] commission shall ascertain that the following levies have been properly authorized and, if so authorized, shall approve them without modification:

"* * *

"(D) A minimum levy within the ten-mill limitation for the current expense and debt service of each subdivision or taxing unit, which shall equal two-thirds of the average levy for current expenses and debt service allotted within the fifteen-mill limitation to such subdivision or taxing unit during the last five years the fifteen-mill limitation was in effect unless such subdivision or taxing unit requests an amount requiring a lower rate. * * *

"(E) * * *

"Divisions (A) to (E) of this section are mandatory, and commissions shall be without discretion to reduce such minimum levies except as provided in such divisions. * * *"

In *Cambridge City School Dist.* v. *Guernsey Cty. Budget Comm.* (1968), 13 Ohio St. 2d 77, 42 O.O. 2d 226, 234 N.E. 2d 512, this court adopted the syllabus and supporting opinion of *Cambridge City School Dist.* v. *Guernsey Cty. Budget Comm.* (1967), 11 Ohio App. 2d 77, 40 O.O. 2d 239, 228 N.E. 2d 874. Paragraph two of the syllabus in such cases states:

"Under Section 5705.31, Revised Code, there can be no decrease of tax levies within the ten mill limitation provided by Section 5705.02, Revised Code, and Article XII, Section 2 of the Ohio Constitution, to any subdivision or taxing unit, until such mandated minimum tax levy is approved without modification."

Since the fifteen-mill limitation was in effect only from 1929 through 1933, the formula to determine a subdivision's minimum guaranteed millage is the average of all the levies for current expenses and debt service allotted for those five years multiplied by two-thirds. R.C. 5705.31(D). Unless the subdivision requests an amount requiring a lower rate, this is the millage that a subdivision in existence in those years should receive.

After analyzing the abstract of tax rates for 1929 through 1933 for Lorain County, the BTA performed the statutory calculations and determined that appellee's guaranteed millage was 5.6 mills and Columbia Township's was 2.8 mills.[3] Thus, it concluded that appellee was allocated .5 mill less for fiscal year 1987 than mandated by R.C. 5705.31 and that Columbia Township was allocated more than mandated.

Appellants do not question the BTA's application of the statute; instead, they challenge the decision's evidentiary underpinning, asserting that it is unreasonable.

First, they argue that appellee had a duty to show that it did not, at any time, request a lower rate. Appellee responds that the budgetary process is an annual one and that it is guaranteed the minimum rate unless it requests a lower rate for the particular year in question.

R.C. 5705.28 provides that each

---

[3] The calculations actually result in Columbia Township's receiving 2.4 mills, but the BTA allocated an additional .4 mill to it because, apparently, the calculations produced unallocated "free" millage.

subdivision or other taxing unit shall adopt a tax budget for the next succeeding fiscal year. R.C. 5705.29 requires that this budget contain information concerning the ensuing fiscal year, and R.C. 5705.30 requires that it be submitted to the county auditor by a certain date. R.C. 5705.31 also states that the county auditor shall present the annual tax budgets submitted to him to the county budget commission, and that the budget commission shall examine the budget and ascertain the total amount to be raised for the county and for each subdivision and other taxing unit.

These statutes provide for an annual budget process. Thus, R.C. 5705.31(D), which mandates approval of the minimum levy unless the subdivision requests a lower rate, pertains only to the fiscal year in question. Division (D), moreover, contains no language that continues the requested lower rate into future years. Appellee, therefore, was not obliged to prove that it had never requested an amount requiring a lower rate.

Next, appellants cite *State, ex rel. Chester Twp. Bd. of Trustees,* v. *Makowski* (1984), 12 Ohio St. 3d 94, 12 OBR 82, 465 N.E. 2d 453, and argue that laches limits appellee to the 5.1 mill rate because it had accepted this rate since 1942.

*Chester Twp.* is distinguishable. First, laches generally does not bar a claim made by a governmental unit. Second, laches barred recovery of interest in *Chester Twp.* for the twenty-five years prior to the complaint filing date. In that case, though, the taxing authorities were allowed to recover interest from this date.

In the instant case, appellee is not requesting a refund from past, reduced levies; it merely is requesting that it receive its 1987 minimum levy according to the formula set forth in R.C. 5705.31. We hold that it is entitled to this amount and laches is not applicable.

Appellants also argue that the small gain to appellee in contrast with the large loss by Columbia Township should have been considered more carefully by the BTA. Appellee receives $696 more for 1987, while Columbia Township receives $31,420 less.

This result may be harsh; it is, however, not inequitable or unjust. In truth, Columbia Township has received a windfall since 1942 to the detriment of appellee. Both appellee and Columbia Township now receive only their statutorily mandated millage for fiscal year 1987.

In propositions of law four and six through eight, appellants maintain that the BTA's decision is not supported by the evidence and is unreasonable.

This court will not overrule BTA findings of fact if they are based upon sufficient, probative evidence. *Hawthorn Mellody* v. *Lindley* (1981), 65 Ohio St. 2d 47, 19 O.O. 3d 234, 417 N.E. 2d 1257.

The BTA obtained the numbers for its calculations from documents certified by the Tax Commissioner to be true and correct. These documents had been certified by the Lorain County Auditor as correct and in accord with Ohio law. Appellants stipulated that they were true and complete copies of what they purported to be. This evidence is sufficient and probative, and it supports the BTA's decision.

The BTA's decision, being reasonable and lawful, is, hereby, affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.