VILLAGE OF CARLISLE, APPELLANT, *v.* WARREN COUNTY BUDGET COMMISSION, APPELLEE.

[Cite as *Carlisle v. Warren Cty. Budget Comm.* (1992), 63 Ohio St.3d 478.]

(No. 91–148—Submitted November 14, 1991—Decided ——, 1992.)

*Ruppert, Bronson, Chicarelli & Smith Co., L.P.A.,* and *David A. Chicarelli,* for appellant.

*Timothy A. Oliver,* Prosecuting Attorney, and *Michael E. Powell,* for appellee.

---

*Per Curiam.* Section 2, Article XII of the Ohio Constitution established a constitutional limitation on the taxation of property in excess of one percent of its true value without approval of a majority of the electors of a taxing district. The statutory "ten-mill limitation" likewise appears in R.C. 5705.02. Under the mandate of R.C. 5705.31, the budget commission is obligated to approve without modification:

"(D) A minimum levy within the ten-mill limitation for the current expense and debt service of each subdivision or taxing unit, which shall equal two-thirds of the average levy for current expenses and debt service allotted within the fifteen-mill limitation to such subdivision or taxing unit during the last five years the fifteen-mill limitation was in effect unless such subdivision or taxing unit requests an amount requiring a lower rate. * * * "

In *Strongsville Bd. of Edn. v. Lorain Cty. Budget Comm.* (1988), 38 Ohio St.3d 50, 51, 526 N.E.2d 297, 299, we stated:

"Since the fifteen-mill limitation was in effect only from 1929 through 1933, the formula to determine a subdivision's minimum guaranteed millage is the average of all the levies for current expenses and debt service allotted for those five years multiplied by two-thirds. R.C. 5705.31(D). Unless the subdivision requests an amount requiring a lower rate, *this is the millage that a subdivision in existence in those years should receive.*" (Emphasis added.)

Thus, we interpreted the statute as guaranteeing a minimum levy inside the millage. See, also, *Cambridge City School Dist. v. Guernsey Cty. Budget Comm.* (1968), 13 Ohio St.2d 77, 42 O.O.2d 226, 234 N.E.2d 512, paragraph two of the syllabus, as adopted from the appellate decision below, 11 Ohio App.2d 77, 40 O.O.2d 239, 228 N.E.2d 874.

In response to appellant's contention regarding the inequity or lack of fairness with respect to subdivisions not in existence during the period 1929–1933, the BTA observed that the "newly incorporated entities" were "on prior notice of the millage which remains available within the constitutional limitation." The BTA then pointed out that the newly incorporated entities had recourse available in that they could request the voters to approve a levy outside the ten-mill limitation or they could petition the General Assembly for legislative change in the statutory formula. The BTA refused to make changes of a legislative nature.

We agree with the BTA's conclusion. Its finding was neither unreasonable nor unlawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.