City of Painesville, Appellant, *v.* Board of County Commrs. for Lake County; City of Eastlake, Appellee.

[Cite as Painesville v. Bd. of County Commrs., 17 Ohio St. 2d 35.]

(No. 68-432—Decided February 19, 1969.)

Mr. *Wayne R. Milburn,* director of law, for appellant.
Mr. *David P. Freed,* director of law, for appellee.

TAFT, C. J. This is an appeal from a decision of the Board of Tax Appeals, which decision was made upon an appeal pursuant to Section 5705.37, Revised Code, from an order of the Lake County Budget Commission allocating the undivided Lake County Local Government Fund for 1968. So far as pertinent, Section 5705.37, Revised Code, provides that:

"* * * The Board of Tax Appeals * * * may modify any action of the commission with reference to the budget, the estimate of revenues and balances, or the fixing of tax rates. The finding of the Board of Tax Appeals shall be substituted for the findings of the commission * * *."

In doing this and making its determination, the Board of Tax Appeals does so "in the place of, and as if it were, the budget commission * * *." *Brooklyn* v. *Cuyahoga County Budget Comm.* (1965), 2 Ohio St. 2d 181, 207 N. E. 2d 764.

As held in *Lake County Budget Comm.* v. *Willoughby Hills* (1967), 9 Ohio St. 2d 108, 224 N. E. 2d 120, and *Board of County Commrs.* v. *Willoughby Hills* (1967), 12 Ohio St. 2d 1, 230 N. E. 2d 344, the board must, as an essential foundation for such a determination, "determine the amount needed by each subdivision for current operating expenses * * * in addition to revenues available from all other sources [except those received from an additional voted tax or service charge] * * * in order to enable it to carry on its essential local governmental functions." (Brackets in original quotation.)

This appeal involves the question as to whether an income tax, duly authorized by vote of the city council of Painesville and not specifically submitted to or approved by the electorate of that city, comes within the exception specified in those cases for "an additional voted tax or service charge."

The statutory basis for that exception is the emphasized language in the following portion of Section 5739.23, Revised Code:

"* * * The commission * * * shall determine the

amount needed by each subdivision for current operating expenses * * * in addition to revenues available from all other sources, except those revenues which a subdivision receives from an *additional tax* or service charge *voted by its electorate,* in order to enable it to carry on its essential local governmental functions."

In our opinion, no amount of statutory construction can reasonably support a conclusion that an income tax lawfully enacted by a city council, as the legislative authority of a city, is a tax "voted by its electorate" within the meaning of those words as used in Section 5739.23, Revised Code. We conclude that it is not.

In determining the needs of Lake County subdivisions as required by Section 5739.23, Revised Code, the Board of Tax Appeals did exclude revenues available from an income tax authorized by vote of the electors of a municipal corporation from "revenues available" to such municipal corporation "from all other sources." It is contended that in doing so, and in not excluding revenues available from an income tax lawfully authorized by the legislative authority of a municipal corporation and not by vote of the electors thereof, there has been a violation of the equal protection provisions of Section 2 of Article I of the Ohio Constitution and of Article XIV of the Amendments to the Constitution of the United States.

There would be no such denial of equal protection if the General Assembly could have had a reasonable and lawful basis for giving such preferential treatment in the allocation of state funds to a municipal corporation, whose income tax was specifically authorized by vote of its electors, over another municipal corporation, whose income tax was only authorized by the legislative authority of the municipal corporation.

Without the provision of Section 5739.23, Revised Code, which excepts from available revenues of a subdivision those revenues received "from an additional tax * * * voted by its electorate," the voters of such a subdivision would, in effect, be penalized if they approved

such an additional tax. Without that statutory provision, the revenues from an additional tax voted by the electorate of a subdivision would necessarily result in a reduction of the needs of that subdivision and thus a reduction in the distribution to that subdivision from the county local government fund. This could well have the result of discouraging voters from voting for any additional tax. To avoid such a result, the General Assembly could well have determined that voters, who did vote to impose a tax upon themselves, should not be penalized for doing so.

Furthermore, we see no reason why a municipal corporation that does not require voter approval of an income tax could not adopt or amend a charter so as to require such approval and thereby be enabled to treat its voter approved income tax as a "tax * * * voted by its electorate" within the meaning of Section 5739.23, Revised Code.

In our opinion, therefore, our determination that those words of that statute do not include an income tax authorized only by the legislative authority of a municipal corporation, but do include such a tax authorized by its electorate, does not involve a denial of equal protection of the laws under either Section 2 of Article I of the Ohio Constitution or the Fourteenth Amendment to the Constitution of the United States.

For the foregoing reasons, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.