CITY OF NEW BOSTON ET AL., APPELLANTS, *v.* SCIOTO COUNTY
BUDGET COMMISSION ET AL., APPELLEES.

[Cite as New Boston v. Budget Comm., 20 Ohio St. 2d 151.]

(No. 69-383—Decided December 23, 1969.)

*Mr. Franklin T. Gerlach,* for appellants.

*Mr. Charles L. Huddleston, Jr., Mr. Harry T. Herdman* and *Mr. Edward V. Leach, Jr.,* for appellees.

TAFT, C. J. The first complaint of New Boston is that the Board of Tax Appeals determined that the income tax revenues of Portsmouth in the amount of $270,000 were, within the meaning of Section 5739.23, Revised Code, "revenues which" Portsmouth "receives from an additional tax * * * voted by its electorate."

So far as material, Section 5739.23, Revised Code, as applicable for the year 1969, reads:

"The commission * * * shall determine the amount needed by each subdivision for current operating expenses * * * in addition to revenues available from all other sources, except those revenues which a subdivision receives from an additional tax or service charge voted by its electorate, in order to enable it to carry on its essential local governmental functions."

Since, under this statute, the "amount needed" by a subdivision is an important factor in determining how much it is to receive from the county local government fund, it is in the interest of each such subdivision to have that amount as high as possible. Under that statute, the "amount needed" is to be that amount "in addition to revenues available from all other sources," with an exception. Thus, it is important for each subdivision to reduce such "revenues available" to as low a figure as possible. It follows that it is in the interest of a subdivision to reduce that figure by as much as can be brought within the exception for "those revenues which a subdivision receives from an additional tax * * * voted by its electorate."

In *Painesville* v. *Bd. of County Commrs.* (1969), 17 Ohio St. 2d 35, 244 N. E. 2d 892, we held that "an income tax lawfully enacted by the legislative authority of a city is not a 'tax * * * voted by its electorate' within the meaning of Section 5739.23, Revised Code."

In that case, it was unnecessary for the legislative

authority of the city to have a vote of its electorate before it imposed the income tax involved.

In the instant case, the charter of Portsmouth specifically provided that "the levying by council of a tax on incomes or on payrolls is hereby expressly prohibited."

This restriction was removed by an amendment to the charter of Portsmouth adopted by its electorate, which authorized the city council to levy a one-half per cent income tax for the period between August 1, 1965 and December 31, 1970.

Pursuant to the authorization thereby conferred upon it, the legislative authority of Portsmouth levied the tax which the Board of Tax Appeals determined would produce the $270,000 that should be treated as "revenues which" Portsmouth "receives from an additional tax * * * voted by its electorate" within the meaning of Section 5739.23, Revised Code.

In *Painesville* v. *Bd. of County Commrs., supra* (17 Ohio St. 2d 35, 38), the opinion states:

"* * * we see no reason why a municipal corporation that does not require voter approval of an income tax could not adopt or amend a charter so as to require such approval and thereby be enabled to treat its voter approved income tax as a 'tax * * * voted by its electorate' within the meaning of Section 5739.23 * * * "

It is contended that this is not a tax voted by the electorate of Portsmouth because it would not become effective unless actually levied by the legislative authority of that city. The same could be said of any voted levy. The vote of the electorate does not ordinarily levy the tax. That vote merely authorizes some legislative authority to levy a tax that it would otherwise have no authority to levy, either by reason of constitutional or statutory limitations on its taxing powers. Section 5705.07, Revised Code ("taxing authority * * * may make tax levies authorized in excess of the ten-mill limitation by a vote of the people").

We therefore conclude that, where the charter of a municipality prohibits the levy of an income tax, a tax, le-

154

vied by the legislative authority of such municipality pursuant to an amendment of the charter adopted by its electorate to authorize such levy, represents "an additional tax * * * voted by its electorate" within the meaning of Section 5739.23, Revised Code.

New Boston next contends that the Board of Tax Appeals erred in excluding, as "current operating expenses" for the year, the amount that New Boston was required to pay pursuant to Section 742.30, Revised Code, on account of its "accrued liability remaining unpaid on January 1, 1969" to the state Police and Firemen's Disability and Pension Fund.

In our opinion, that amount represented payment on an indebtedness of New Boston and not a current operating expense within the meaning of Section 5739.23, Revised Code.

New Boston complains further because of a deduction from the allocation to New Boston of $4,333, which was made pursuant to the public assistance amendment to Section 5739.23, Revised Code. The basis of this complaint is that the county commissioners had not, as the statutory language seems to require, "requested" an additional apportionment under that amendment until this cause was considered by the Board of Tax Appeals. Since the cause was heard *de novo* by the Board of Tax Appeals (*Brooklyn* v. *Cuyahoga County Budget Comm., supra* [2 Ohio St. 2d 181]), the request at that time was made in time.

*Decision affirmed.*

MATTHIAS, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.