BOARD OF PARK COMMRS. OF YOUNGSTOWN TOWNSHIP PARK
DISTRICT, APPELLANT, *v.* BUDGET COMMISSION OF MAHONING
COUNTY ET AL., APPELLEES.

COUNCIL OF CAMPBELL TAXING AUTHORITY, APPELLANT, *v.*
BUDGET COMMISSION OF MAHONING COUNTY ET AL.,
APPELLEES.

TOWNSHIP OF BOARDMAN, MAHONING COUNTY, APPELLANT, *v.*
BUDGET COMMISSION OF MAHONING COUNTY ET AL.,
APPELLEES.

VILLAGE OF CANFIELD, APPELLANT, *v.* BUDGET COMMISSION OF
MAHONING COUNTY ET AL., APPELLEES.

TOWNSHIP OF AUSTINTOWN, MAHONING COUNTY, APPELLANT,
*v.* BUDGET COMMISSION OF MAHONING COUNTY ET AL.,
APPELLEES.

BOARD OF COMMRS. OF MAHONING COUNTY, APPELLANT, *v.*
BUDGET COMMISSION OF MAHONING COUNTY ET AL.,
APPELLEES.

COUNCIL OF VILLAGE OF LOWELLVILLE TAXING AUTHORITY,
APPELLANT, *v.* BUDGET COMMISSION OF MAHONING COUNTY
ET AL., APPELLEES.

[Cite as Board of Park Commrs. v. Budget Comm. (1970),
22 Ohio St. 2d 155.]

156

(Nos. 69-543, 69-556, 69-557, 69-568, 69-569, 69-570 and 69-572—Decided May 13, 1970.)

158

*Messrs. Manchester, Bennett, Powers & Ullman* and *Mr. James E. Bennett, Jr.*, for appellant Board of Park Commissioners of Youngstown Township Park District.

*Mr. Thomas L. Corroto*, for appellants Council of Campbell, Taxing Authority and Council of Village of Lowellville, Taxing Authority.

*Mr. Henry C. Robinson*, for appellant Township of Boardman, Mahoning County.

*Mr. Fred Coope*, for appellants Village of Canfield and Township of Austintown.

*Mr. Vincent E. Gilmartin*, prosecuting attorney, for appellant Board of County Commissioners of Mahoning County.

*Mr. Patrick J. Melillo*, director of law, for appellee City of Youngstown.

*Mr. Theodore T. Macejko*, city solicitor, for appellee City of Struthers.

DUNCAN, J. The Board of Tax Appeals considers appeals from a county budget commission's allocation of the local government fund *de novo* as if it were the budget commission. *Brooklyn* v. *Cuyahoga County Budget Comm.*, 2 Ohio St. 2d 181, paragraph two of syllabus. Our jurisdiction is limited to deciding whether the board's decision was unreasonable or unlawful. R. C. 5717.04; *Youngstown Club* v. *Porterfield*, 21 Ohio St. 2d 83, and cases cited therein, at page 85.

The cities of Youngstown and Struthers urge the reasonableness of the board's conclusion that electoral approval of an increased income tax (from one percent to one and one-half percent) was a one and one-half percent "additional tax voted by the electorate." We do not agree.

This court has recognized that the General Assembly, in granting the credit for an additional voted tax, intended a principle which would neither penalize voters who imposed higher taxes upon themselves nor discourage the imposition of necessary taxes. *Painesville* v. *Board of County Commrs.*, 17 Ohio St. 2d 35, 37-38. See, generally, *Lancaster* v. *Fairfield County Budget Comm.*, 174 Ohio St. 163. With this in mind, we have liberally construed the phrase "additional tax voted by the electorate" in order to effectuate legislative intent. See *New Boston* v. *Scioto County Budget Comm.*, 20 Ohio St. 2d 151.

However, the evidence adduced herein, liberally construed, fails to accommodate the contention of Youngstown and Struthers that the election in question resulted in an additional one and one-half percent tax being voted by the electorate. The ballots, themselves, clearly state that the question put to the electorate was an *increase*. No provision was included which would have repealed the previously effective one percent rate had the vote failed.

An income tax lawfully enacted by the legislative au-

thority is not an "additional tax voted by the electorate" within the meaning of R. C. 5739.23, as that section read during the time here in question. *Painesville* v. *Board of County Commrs.*, 17 Ohio St. 2d 35, paragraph one of the syllabus. The one percent taxes here in question were enacted by legislative bodies and cannot be considered as enacted by the electorate unless such legislative action was in some way repealed and included in the amending act.

The record amply demonstrates that the Board of Tax Appeals most likely credited the revenues of Youngstown and Struthers with the entire proceeds from the one and one-half percent income tax. In light of the foregoing, this procedure was clearly erroneous. Only the proceeds of the one-half percent increase should have been credited to those cities as an "additional tax voted by the electorate."

Finally the township of Austintown objects to the Board of Tax Appeals determination of its "actual needs." See *Board of Commrs.* v. *Willoughby Hills*, 12 Ohio St. 2d 1. After reviewing the record we find that the Board considered all the evidence and its findings as to the dollar amount of the needs of Austintown were not unreasonable.

Therefore, the decision of the Board of Tax Appeals is reversed and the cause is remanded to the Board of Tax Appeals, with instructions to reallocate the local government fund for the year 1969, and in such reallocation to consider only the proceeds from the one-half percent portion of the Youngstown and Struthers income taxes as a credit against anticipated revenue receipts.

*Decision reversed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT and CORRIGAN, JJ., concur.[2]

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

---

[2]CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.