City of Toledo, Appellant, *v.* Lucas County Budget
Commission, Appellee, et al.

(No. 72-514—Decided March 28, 1973.)

*Mr. Frank T. Pizza,* director of law, and *Mr. John O. Celusta,* for appellant.

*Messrs. Cruey, Kelb & Hewes* and *Mr. George R. Hewes,* for appellee.

PAUL W. BROWN, J. Appellee's motion for dismissal must be overruled. R. C. 5717.04 provides that appeals from a decision of the Board of Tax Appeals shall be by appeal to the Supreme Court or the Court of Appeals for the county in which the property taxed is situate or in which the taxpayer resides. That section goes on to provide that "in all other instances, the proceeding to obtain such reversal, vacation or modification shall be by appeal to the Court of Appeals for Franklin County." We are

asked to decide that the inclusion of the quoted language detracts not only from the jurisdiction of Courts of Appeals in which the property is situate or in which the taxpayer resides, but also detracts from what we conceive to be the grant of concurrent appellate jurisdiction to this court.

It must be conceded that the statute is poorly drawn. It does, however, contain clear language stating that the appeal from a decision of the Board of Tax Appeals is "to the Supreme Court." This language precedes the conjunction "or" which, according to Webster's Third New International Dictionary, is to be used as a "function word to indicate (1) an alternative between different or unlike things."

R. C. 5717.04 has had its present language since 1953. Prior to that time, exclusive jurisdiction in such appeals was in the Supreme Court. Had it been the intention of the General Assembly to terminate direct appeals from the Board of Tax Appeals to the Supreme Court it could have stated that "appeals from the Board of Tax Appeals shall be to the Court of Appeals of the county in which the property is situate or to the Court of Appeals for Franklin County." In addition, there would seem to be no reason for giving the Supreme Court concurrent jurisdiction with Courts of Appeals only in cases in which the taxed property was situate or in which the taxpayer resided outside of Franklin County, and the Tenth Appellate District where this court is of course located. This is the effect of the statutory language as interpreted by the appellee.

It seems more reasonable that the change in the statute was dictated by a purpose to give Courts of Appeals concurrent jurisdiction with the Supreme Court, thus dividing the case load of those who opted for the intermediate appellate court among those courts so that the presence of the taxed property or the residence of the taxpayer within an appellate district dictated its selection as the most convenient Court of Appeals, while in other cases, the Tenth District Court of Appeals was arguably more convenient.

The appellant's arguments with reference to the actual allocation of the fund are answered by following the language of R. C. 5739.23(C), as amended by Senate Bill 539, effective May 28, 1970 (133 Ohio Laws 1471).[1]

"The commission shall determine the combined total of the estimated expenditures * * * from the general fund and any special funds[2] * * * as shown in the subdivision's tax budget for the ensuing calendar year."

That language clearly authorizes the inclusion of estimated expenditures from special funds in the computation of expenditures when the budget commission computes total needs of subdivisions for the purpose of allocating the county local government fund. It is interesting that this inclusion is also indicated as a proper one in the suggested form for such computation contained in R. C. 5747.52, effective December 20, 1971 (134 Ohio Laws H475).

The appellant's argument that the estimated expenditures from the special funds were erroneously included upon the Board of Tax Appeals' work sheets under the heading, "General Fund Expenditures," merely concerns the form of the work sheets. The total entered under that heading was, as a matter of fact, the correct total estimated expenditure required by the statute.

The appellant's argument that the income of three of the four specifically voted levies was not included as additional revenue and deducted from total expenditures in determining need is also without merit. The exclusion of this income was authorized by the language of R. C. 5739.23 (E) (4), which directs the deduction of revenues shown in the general funds and any special fund "except those which a subdivision receives from an additional tax or service charge voted by its electorate."

---

[1]This amendment does not appear in the current supplement to Page's Ohio Revised Code. However, that section, as amended, did contain the same language as R. C. 5747.51, which became effective December 20, 1971, and which does appear in current code supplements.

[2]Statutory language that is not included concerns special funds, which are excepted, but not applicable here.

Appellant admits that the approximately 5.3 million dollars in special funds was for the Board of Mental Retardation, the Children's Services Board and the Community Mental Health and Retardation Fund and resulted from specially voted levies, which funds are within the quoted statutory exception.

We therefore hold that the decision of the Board of Tax Appeals was neither unreasonable nor unlawful, and it is, therefore, affirmed.

*Decision affirmed.*

O'NEILL, C. J., CORRIGAN, CELEBREZZE and W. BROWN, JJ., concur.

HERBERT and STERN, JJ., dissent.

HERBERT, J., dissenting. The majority seem to suggest that appellee is advocating a complete elimination of direct appeals from the Board of Tax Appeals to this court. Such is not the case, as can be seen from a reading of appellee's proposition of law in support of its motion to dismiss:

"The Supreme Court is without jurisdiction to entertain an appeal from a decision and order of the Board of Tax Appeals *modifying the allocation of the local government fund to the political subdivisions made by the county budget commission,* such decision and order being subject to review in the first instance by the Court of Appeals for Franklin County. (Sections 5717.03, 5717.04 and 5739.22 of the Revised Cole applied.)" (Emphasis added.)

As so limited, appellee's jurisdictional argument in this cause is sound. *Lucas Co. Commrs.* v. *Lucas Co. Budget Comm.* (1967), 12 Ohio St. 2d 47, 49 (dissent), 231 N. E. 2d 472; *Cambridge City School Dist.* v. *Guernsey Co. Budget Comm.* (1968), 13 Ohio St. 2d 77 (dissent), 234 N. E. 2d 512; *Brook Park* v. *Cuyahoga County Budget Comm.* (1968), 16 Ohio St. 2d 119, 127 (dissent), 243 N. E. 2d 77.

Prior to the amendment of R. C. 5717.04, effective

October 2, 1953, its predecessor (G. C. 5611-2) was titled, "Proceedings to obtain reversal, vacation, or modification [of a decision of the Board of Tax Appeals made pursuant to G. C. 5610 or 5611]," and provided, in pertinent part:

"The proceeding to obtain *such* reversal, vacation, or modification shall be by appeal to the Supreme Court of Ohio." (Emphasis added.)

At that time, neither G. C. 5610 nor 5611 concerned allocations of local government funds. Appeals regarding those monies were governed by G. C. 5546-21 and 5625-28.

From this history, it is apparent that the analysis of this question contained in the aforementioned dissenting opinions is valid and that the General Assembly, in exercising the authority granted to it in Section 2, and Section 6 (now 3), of Article IV of the Ohio Constitution, did not intend that decisions of the Board of Tax Appeals regarding the allocation of local government funds should be directly appealable to this court. As stated in *Lucas Co. Commrs.* v. *Lucas Co. Budget Comm., supra,* at page 51:

"The allocation of the Local Government Fund to the various political subdivisions of a county does not involve the application of any law imposing a tax on property, any taxpayer party or any tax question, nor does it present any question of law. *The only question presented is factual or one of mathematics.* [Emphasis added.]

"* * *

"We suggest as a solution to the problem posed by the case at bar an opinion addressed solely to the instant case, with the following as a syllabus:

" 'The Supreme Court is without jurisdiction to entertain an appeal from a decision and order of the Board of Tax Appeals modifying the allocation of the Local Government Fund to the political subdivisions made by the county Budget Commission, such decision and order being subject to review in the first instance by the Court of Appeals for Franklin County. (Sections 5717.03, 5717.04 and 5739.22 of the Revised Code applied.)' "

R. C. 5717.04 apparently represents an effort to imple-

ment a constitutional grant of legislative authority; it purports to confer a special type of appellate jurisdiction upon this court. Yet, the majority declares that the law is "poorly drawn." Being so drafted, the statute self-generates a strict and limited construction upon the question of Supreme Court jurisdiction and should be interpreted in that light.

Absent a clear legislative investiture of this court of last resort with jurisdiction to entertain a particular administrative appeal as one being brought as a matter of right, we should not declare that we possess such power. I would sustain the motion to dismiss.

STERN, J., concurs in the foregoing dissenting opinion.