VILLAGE OF WATERVILLE, APPELLANT, *v.* SPENCER TOWNSHIP
ET AL., APPELLEES.
CITY OF SYLVANIA, APPELLANT, *v.* LUCAS COUNTY BUDGET
COMMISSION ET AL., APPELLEES.

[Cite as Waterville v. Spencer Twp. (1974),
37 Ohio St. 2d 79.]

(Nos. 73-693 and 73-697—Decided February 20, 1974.)

80

*Mr. William H. Heywood, III*, for appellant village of Waterville; *Mr. Carl F. Dorcas*, director of law, and *Messrs. Miller, Downing & Dorcas*, for appellant city of Sylvania.

*Messrs. Cruey, Kelb, Hewes & Chase* and *Mr. George R. Hewes*, for appellee Lucas County; *Mr. Frank T. Pizza*, director of law, and *Mr. John O. Celusta*, for appellee city of Toledo; *Messrs. Boxell, Bebout, Torbet & Baker, Mr. James V. Shindler, Jr.*, and *Mr. William R. Ahern*, for appellee Sylvania Township.

*Per Curiam.* Prior to determining the substantive issues presented by each appellant, two motions to dismiss the appeals must be considered. The first, in case No. 73-693, was filed by Sylvania Township, one of 11 appellees listed in the caption of the notice of appeal filed by the village of Waterville in case No. 73-693. The basis of this motion is an allegation, supported by two affidavits, that appellant, village of Waterville, failed to serve the township with a notice of appeal, as expressly required by R. C. 5717.04 and Section 6, Rule I of this court's Rules of Practice. Appellant's "Proof of Service" lists the names and addresses of the parties to whom the notice of appeal was sent; Sylvania Township is not among them. Sylvania

Township's motion seeks to have itself dismissed as a party appellee in case No. 73-693.

Failure to serve notice of appeal upon an appellee, as expressly required by R. C. 5717.04, is one factor that this court has considered in sustaining a motion to dismiss an appeal from a decision of the Board of Tax Appeals. *Motorway Corp.* v. *Bowers* (1959), 170 Ohio St. 139, 163 N. E. 2d 164; *Elmer Borchardt, Inc.*, v. *Bowers* (1962), 173 Ohio St. 13, 179 N. E. 2d 48. Appellant, village of Waterville, has presented absolutely no defense for its action, and this court perceives no reason for deviating from its past practice. Therefore, Sylvania Township's motion to dismiss is sustained and it is dismissed as a party appellee in case No. 73-693.

The dismissal of Sylvania Township as a party to case No. 73-693 does not destroy the jurisdiction of this court to decide the case upon its merits with respect to appellant village of Waterville and those named appellees who were served with notices of appeal. This court has held that an appellate court acquires jurisdiction in a case as soon as a timely notice of appeal is filed. *State, ex rel. Curran,* v. *Brookes* (1943), 142 Ohio St. 107, 50 N. E. 2d 995. The fifth paragraph of R. C. 5717.04, which specifies the time and place for filing and the required contents of the notice of appeal, reads as follows:

"Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board. Such notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of. * * * "

Appellant village of Waterville has complied with the above-quoted requirements of the statute, and hence this court has jurisdiction to review the decision of the Board of Tax Appeals in case No. 73-693. The requirement contained in the sixth paragraph of R. C. 5717.04, that appellant serve all appellees with notice of appeal, although

mandatory, is a procedural, not a jurisdictional, requirement. See *Zier* v. *Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123, 84 N. E. 2d 746. Therefore, appellant's failure to serve one named appellee diminishes the number of parties before this court but does not affect its jurisdiction.

For the reasons that will be stated subsequently in this court's discussion of the merits, the village of Waterville is entitled to an increased share. Because the fund from which the increase must come remains constant, the enlargement of the share taken by Waterville will necessarily diminish the shares taken by at least some of the parties. Since Sylvania Township, solely because of Waterville's failure to serve it with notice of appeal, is no longer a party to case No. 73-693, Waterville may not recover that part of the increase in its share which would have come from a reduction in the share originally allocated to the township by the board. To allow Waterville to recover the full amount from the remaining appellees would shift the detrimental consequences of Waterville's procedural error from appellant to the remaining appellees. Such a result would be both unfair and unwarranted.

A second motion—to dismiss the appeals in case Nos. 73-693 and 73-697—has been filed by Lucas County, an appellee in both cases. That motion is based upon the grounds that neither notice of appeal states a cause upon which relief can be granted and that this court is without jurisdiction. Alternatively, the motion seeks to have Lucas County dismissed as a party in both appeals. The motion is denied.

Movant Lucas County claims that both appellants are, in effect, seeking to have the local government fund reallocated by this court in a trial *de novo*. Movant correctly notes that this court repeatedly has held that it does not have jurisdiction where the actual relief sought is a trial *de novo*. This court stated in *Bd. of County Commrs.* v. *Willoughby Hills* (1968), 14 Ohio St. 2d 163, 164, 237 N. E. 2d 138, in an appeal from a decision of the Board of Tax Appeals: "* * * this court * * * is confined to deciding wheth-

er the board has acted unreasonably or unlawfully in what it has done."

Neither appellant is seeking a trial *de novo* before this court. Both allege in their notices of appeal that the decision of the Board of Tax Appeals is unreasonable and unlawful in that it failed to comply with certain provisions of R. C. 5747.51(E) (4). Thus, both notices of appeal state a cause upon which this court can grant relief. See *State, ex rel. Midwestern Film Exchange, Inc.,* v. *Clifton* (1928), 118 Ohio St. 91, 160 N. E. 625.

Movant's jurisdictional argument is based upon its statement that "Section 5747.55 does not provide for an appeal beyond the Board of Tax Appeals * * *." Movant is correct. R. C. 5747.55 sets forth the procedure for an appeal to the board of the allocation of a county's local government fund by the county budget commission. However, the procedure for appeal from the decisions of the board to this court is provided in R. C. 5717.04, and movant has failed to allege that either notice of appeal fails to conform to R. C. 5717.04.

Movant's attempt to buttress its jurisdictional argument by contending that R. C. 5717.04 does not vest this court with either exclusive or concurrent jurisdiction in an appeal from a decision of the Board of Tax Appeals allocating a county's local government fund is also without merit. *Toledo* v. *Budget Comm.* (1973), 33 Ohio St. 2d 62, 294 N. E. 2d 661.

Movant also argues that the amount it received from the board can not be reduced, and therefore it should be dismissed as a party appellee in both cases. This argument must be rejected for two reasons. First, it is based upon an assumption, the validity of which goes to the merits of both cases. It is impossible to determine the allocation of the local government fund without first determining the relative needs of each participating subdivision. Since the appellants in both cases allege that the Board of Tax Appeals understated their relative needs, the validity of the allocation made by the board has been put in ques-

tion. A motion to dismiss an appeal can not be sustained if the motion pertains to the merits of the case.

The second reason to reject movant's argument that it be dismissed as a party is statutory. R. C. 5717.04 requires that in an appeal from a decision of the Board of Tax Appeals, " * * * the commissioner or all persons to whom the decision * * * appealed from is required * * * to be certified, other than the appellant, shall be made appellees." Lucas County was an appellee to whom the decision of the Board of Tax Appeals in these cases was required to be certified; it was so certified with notice and therefore it is a necessary party to these appeals and can not be dismissed. See *Brook Park* v. *Budget Comm.* (1968), 16 Ohio St. 2d 119, 243 N. E. 2d 77.

Since the two motions to dismiss do not warrant a complete dismissal of either appeal, a decision on the merits is necessitated in each case. Both appellants allege that the Board of Tax Appeals failed to comply with requirements of R. C. 5747.51(E) (4), with a resulting understatement of their relative needs. This court must agree with appellants in both cases.

In determining a subdivision's relative need for current operating funds, the county budget commission (or the Board of Tax Appeals upon appeal pursuant to R. C. 5747.55) is explicitly forbidden from deducting revenue derived from a local voted tax and shown in the subdivision's general fund. The record unequivocally shows that both appellants originally had a one percent income tax imposed by councilmanic action, but that the electorate in each subdivision subsequently approved an additional one-half of one percent income tax. Pursuant to R. C. 5747.51(E) (4), those portions of the voted income taxes which were placed in the general fund of each appellant can not be deducted from the appellants' estimated expenditures to determine the relative need of each for current operating funds. See *Youngstown Pk. Bd.* v. *Budget Comm.* (1971), 26 Ohio St. 2d 153, 270 N. E. 2d 350; *Board of Park Comm.* v. *Budget Comm.* (1970), 22 Ohio St. 2d 155, 258 N. E. 2d 435.

In case No. 73-697, one-half of the voted income tax in the city of Sylvania is required to be placed in the general fund. During the hearing conducted by the Board of Tax Appeals, the city's auditor-treasurer testified that such portion of the voted income tax was shown in the city's tax budget as estimated revenue to the general fund. This budget, which was submitted as an exhibit at the hearing, shows an entry of $102,000—labeled ''Income Tax''— as an estimated receipt for the general fund. None of this amount should have been included by the Board of Tax Appeals as a deduction in calculating the relative need of appellant city of Sylvania.

The voted increase in the income tax in the village of Waterville, the appellant in case No. 73-693, was not subject to any use restrictions. Since the voted tax in the village represented one-third of the total local income tax, one-third of the revenue shown in the general fund as derived from local income taxes should not have been deducted by the board in determining the village's relative need. In the instant case, the village's tax budget (which was submitted as an exhibit before the board) indicated that $18,250 from the local income tax was transferred to the general fund. Of this total, $6,083.33 was attributable to the voted tax and, therefore, should not have been deducted by the board.

The Board of Tax Appeals committed another error in case No. 73-697. In addition to the revenue derived from a voted tax which was shown in the general fund, R. C. 5747.51(E) (4) requires that transfers to the general fund of proceeds derived from ''special assessment'' collections not be included as a deduction from the subdivision's estimated expenditures in arriving at the subdivision's relative need. The witness presented by the city of Sylvania during the hearing conducted by the board testified that $48,000 of the city's estimated revenue in the general fund was attributable to collections from two special assessments—$28,000 from a ditch and drainage assessment, and $20,000 from a tree removal and replacement assessment. Although this testimony was unopposed, the

board included the $48,000 as deductions in calculating the city's relative need. Since the board has failed to justify this action, this court must hold that it acted unreasonably and unlawfully, and that, pursuant to R. C. 5747.51(E) (4), the two transfers to the general fund of special assessment funds should not have been included by the board as deductions.

The Board of Tax Appeals failed to comply with R. C. 5747.51 (E) (4) in both case Nos. 73-693 and 73-697. In both cases, the board's errors resulted in an understatement of the relative needs of both appellants for current operating funds. The decision of the board must, therefore, be reversed and the cases remanded to the board for a reallocation in conformance with this opinion. Sylvania Township is dismissed as a party in case No. 73-693 only. If, as suggested by one of the appellees in oral argument before this court, the local government fund for 1973 has already been dispersed among the subdivisions in accordance with the board's earlier decision, and it would be impractical to require one or more of the subdivisions to refund that part of its allocation which should have gone to appellants, the board may delay final settlement among the various parties until the next allocation of the local government fund.

*Decision reversed.*

O'Neill, C. J., Corrigan, Celebrezze, W. Brown and P. Brown, JJ., concur.

Herbert and Stern, JJ., dissent on the same basis as the dissent of Herbert, J., in *Toledo* v. *Budget Comm.* (1973), 33 Ohio St. 2d 62, 66.