CITY OF CLEVELAND, APPELLANT, *v.* BUDGET COMMISSION OF CUYAHOGA COUNTY ET AL., APPELLEES.

(No. 76-1079—Decided May 11, 1977.)

Mr. *Vincent C. Campanella,* Mr. *Malcolm C. Douglas,* acting director of law, *Messrs. Baker, Hostetler & Patterson,* Mr. *Alan G. Rorick,* Mr. *Richard R. Hollington, Jr.,* and Mr. *Louis A. Colombo,* for appellant.

Mr. *John T. Corrigan,* prosecuting attorney, Mr. *John L. Dowling* and Mr. *Thomas P. Gill,* for appellee.

*Per Curiam.* Appellant's principal argument is that the board acted unreasonably and unlawfully upon the appeal brought under R. C. 5705.37,* in that it failed to independently determine the relative need of the city of Cleveland. However, in its decision upon remand the board remarked that "* * * under date of May 29, 1975, we journalized an entry and decision wherein we determined the relative needs of the various communities over which the Cuyahoga County Budget Commission has jurisdiction and allocated the 1975 Cuyahoga County Local Government Fund."

Paragraph seven of the syllabus in *Wheeling Steel Corp.* v. *Evatt* (1944), 143 Ohio St. 71, reads as follows:

"The action of an administrative officer or board within the limits of the jurisdiction conferred by law is pre-

---

*R. C. 5705.37 provides, in pertinent part, as follows:

"The taxing authority of any subdivision which is dissatisfied with any action of the budget commission may, through its fiscal officer, appeal to the Board of Tax Appeals within thirty days after the receipt by such subdivision of the official certificate or notice of such action of said commission. * * * The Board of Tax Appeals shall forthwith consider the matter presented to the commission, and may modify any action of the commission with reference to the  budget, the estimate of revenues and balances, or the fixing of tax rates. The finding of the Board of Tax Appeals shall be substituted for the findings of the commission * * *."

sumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment.''

We have considered this appeal with the presumption of validity, good faith, and the exercise of sound judgment by the board clearly in mind.

It is appellant's contention that the board, upon remand, arbitrarily deleted and reduced items in Cleveland's budget in order to justify its prior conclusion that an increase of about 22 percent in the 1975 general fund expenditures was a realistic figure.

In light of our earlier ruling on this matter it is, perhaps, understandable that the board felt compelled to justify its prior decision by tallying reductions to the dollar. This court has observed that ''[i]t is difficult to attain absolute accuracy in allocating * * * [the] fund.'' *Bd. of Commrs.* v. *Willoughby Hills* (1968), 14 Ohio St. 2d 163, 164. Similarly, to strive for exactitude when winnowing actual needs from claimed needs is an unnecessary, if not futile, undertaking. Accordingly, we reject appellant's first proposition of law, inasmuch as it contends, in essence, that purported mathematical error and inconsistency is indicative of the board's failure to consider the appeal *de novo*.

In its second proposition of law, appellant recapitulates the facts relative to the individual accounts adjusted by the board. Our independent review of the record, as well as the briefs of the appellant, precludes a denial that any one of the nine adjusted items is a ''need'' of the city of Cleveland. However, this determination is not dispositive of the matter.

''Since the criterion before the Commission is *relative need,* so, too, the criterion before the Board is *relative need.* * * * It should entertain such evidence as is relevant to demonstrate the actual, relative or comparative needs, as distinguished from wants, of all the participating subdivisions. Then, upon the aggregate of the evidence before it, it must determine the amount of local government fund moneys to be allocated to each. Thus, the hearing is in

every sense *de novo*." *City of Brooklyn* v. *Cuyahoga County Budget Comm.* (1965), 2 Ohio St. 2d 181, 186 (emphasis *sic*).

In the past, this court has opined that a proceeding before the board, of the kind here involved, is in no sense a trial, and that no party bears the burden of proof to sustain the allocation of the budget commission. *City of Brooklyn, supra,* at page 186; *Brook Park* v. *Budget Comm.* (1968), 16 Ohio St. 2d 119, 123-124. Yet, when a party brings an appeal, and thereby seeks to modify the findings of the commission, it is manifestly in the interest of that party to come forward with some proof that its relative need is other than as determined by the commission.

In its appeal to the board the city may have accomplished a reallocation of the local government fund had it submitted evidence tending to establish a relative need which was greater in comparison to the particular needs of other political subdivisions. Appellant did not provide such evidence, and the board decided that the evidence of claimed needs presented by the city was not sufficient to require modification of the budget commission's findings of relative need.

Although there is an obvious difference of opinion between the public officials of the city, on the one hand, and the members of the budget commission and the board, on the other hand, we find that the percentage increase fixed by the board was not unreasonable. In addition, the enumeration of nine adjustments to the city's budget provides an ascertainable and reasonable standard for the board's determination. "* * * This court will not determine anew the needs of these subdivisions and, if the amount fixed by the Board of Tax Appeals is reasonable, its factual finding will not be disturbed here on the ground that a different finding as to amount might comport more nearly with the court's idea of the respective needs of the subdivisions. * * *" *Bd. of Co. Commrs. of Clark County* v. *Budget Comm.* (1946), 146 Ohio St. 636, 641.

Finally, appellant argues that it was unreasonable and

unlawful for the board to omit from its decision any reference to the additional needs which the city presented in the hearing before the board, but which were not reflected in the tax budget submitted to the commission. A perusal of the case authority reveals that upon an appeal from an allocation of the local government fund the board, in the exercise of its discretion, *may* consider actual receipts and expenditures which occurred after the submission of the tax budget to the commission. *Bd. of Co. Commrs. of Clark County* v. *Budget Comm., supra* at page 641; *Brook Park* v. *Budget Comm., supra* (16 Ohio St. 2d 119); *Russell Twp.* v. *Geauga County* (1976), 47 Ohio St. 2d 19, 24-25.

We find no error in the board's implicit rejection of appellant's claimed additional needs, since we assume that if the board considered this new evidence it determined that the estimated figures viewed by the commission were not mistaken or obviously wrong. In addition, it should be noted that no new evidence was submitted tending to prove that appellant's needs increased when compared to the relative needs of other political subdivisions.

The board's decision, upon remand, was neither unreasonable nor unlawful, and it is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

HERBERT, J., would dismiss the appeal. *Toledo* v. *Budget Comm.* (1973), 33 Ohio St. 2d 62, 66, 294 N. E. 2d 661.

O'NEILL, C. J., and LOCHER, J., dissent.

LOCHER, J., dissenting. This court previously reversed and remanded the prior Board of Tax Appeals' (board) decision for a failure to set out adequate reasons supported by evidence for its findings. The board's present decision simply ignores our prior directive (47 Ohio St. 2d 27)

and perpetuates this void. The board has cavalierly attempted to justify its findings behind a fabricated screen of mathematical wizardry, reaching the identical amount as originally determined by the board and by the budget commission. An examination of the board's listing of the dollar figures for the various items held not to be needs, including the arbitrary reduction in police hiring and ignoring a city charter provision relating to salary increases, unmasks the board's explanation as a mere accounting exercise. Obviously, these specific amounts were disallowed solely for the purpose of reaching the predetermined end.

While appreciative of the difficulty in distinguishing the needs of the participating subdivisions from their wants and then allocating the limited local government funds to each, the board must base its allocation upon some ascertainable and reasonable standards and upon the evidence presented. Having failed to articulate in its order the standards and evidence relied upon, this court has no basis upon which to determine the reasonablness of the board's present order. It is not the exactness but the reasonableness of the board's finding, to which this court should look. Therefore, I respectfully dissent.