

# THE ATTORNEY GENERAL
## OF TEXAS

March 23, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Fred G. Rodriguez
Criminal District Attorney
200 Main Plaza, Suite 406
San Antonio, Texas 78205

Opinion No.  JM- 875

Re: Whether a bail bonds-
man's security deposit
under article 2372p,
V.T.C.S., may be accepted
in the form of combina-
tion of cash and property
(RQ-1336)

Dear Mr. Rodriguez:

You ask whether the Bexar County Bail Bond Board may
accept from a bondsman applicant a combination of cash and
property to meet the required $50,000 security deposit
required by article 2372p-3, V.T.C.S.

Section 6(f) of article 2372p-3 provides in part:

> (f) Upon notice from the [county bail
> bond] board that the application has been
> tentatively approved, the applicant shall
> then:

> (1) deposit with the county treasurer of
> the county in which the license is to be
> issued a cashier's check, certificate of
> deposit, cash, or cash equivalent in the
> amount indicated by the applicant under Sub-
> division (5) of Subsection (a) of Section 6
> of this Act but in no event less than
> $50,000 except in counties with populations
> of less than 250,000 persons by the most
> recent federal census, the amount for
> applicants in said counties shall be $10,000
> to be held in a special fund to be called
> the bail security fund; or

> (2) execute in trust to the board deeds
> to the property listed by the applicant
> under Subdivision (4) of Subsection (a) of
> Section 6 of this Act, which property shall
> be valued in the amount indicated on an

> appraisal by a member of the Society of Real Estate Appraisers or a Member of Appraisal Institute of the county in which it is located, but in no event less than $50,000 valuation, except in counties with populations of less than 250,000 persons by the most recent federal census, the amount for applicants in said counties shall be $10,000, the condition of the trust being that the property may be sold to satisfy any final judgment forfeitures that may be made in bonds on which the licensee is surety after such notice and upon such conditions as are required by the Code of Criminal Procedure, 1965, as amended, in bond forfeiture cases; the board shall file the deeds of trust in the records of each county in which the property is located, and the applicant shall pay the filing fees. (Emphasis added.)

You state that your question has been prompted by the submission by an applicant of a certificate of deposit for $20,000 and non-exempt property, valued at $30,000.00, to meet the $50,000 security deposit requirement. We understand your question to be whether an applicant must meet the security deposit requirement by complying with either subsection f(1) or subsection f(2) or whether an applicant may rely on a combination of the type of security identified in subsection f(1) and the type of security identified in subsection f(2) to meet the $50,000 requirement.

Section 5(f) of article 2372p-3 delineates the authority of the county bail bond board as follows:

> (1) To exercise any powers incidental or necessary to the administration of this Act, to supervise and regulate all phases of the bonding business and enforce this Act within the county, and to prescribe and post any rules necessary to implement this Act;

> (2) To conduct hearings and investigations and make determinations respecting the issuance, refusal, suspension, or revocation of licenses to bondsmen within the provisions of this Act and to issue licenses to those applicants who do not qualify, and to suspend or revoke the licenses of licensees who commit violations under this Act or the

rules prescribed by the board under this Act[.]

In <u>Bexar County Bail Bond Board v. Deckard</u>, 604 S.W.2d 214 (Tex. Civ. App. - San Antonio 1980, no writ) the rule-making authority of a county bail bond board was in issue. In <u>Deckard</u>, the court stated:

> The rule-making power delegated to the board under the statute is merely the power to make rules relating to the making and setting of bail bonds in the county. There is no language granting power to make rules relating to the qualifications which must be met by applicants for licenses. A reasonable interpretation of the statutory language supports the conclusion that no such power may be implied. . . . [<u>The statute</u>] <u>designates the persons to whom licenses are to be issued, and the designation is in terms of persons who qualify under the terms of the statute</u>. (Emphasis added.)

604 S.W.2d at 217.

An agency may not by its own rules extend or add to the powers listed in the statute. Attorney General Opinion JM-251 (1984).

We think that section 6(f) defines a board's authority to accept deeds of property in trust to meet the security deposit requirement. An applicant desiring to act as a bondsman in Bexar County may execute a deed to property to satisfy the security deposit requirement, but in no event may the property be valued at less than $50,000. Therefore, we do not think that the board has authority to accept a deed to property valued at less than $50,000.

Also, the word "or" in ordinary and natural use has a disjunctive meaning. <u>Burnett v. State</u>, 514 S.W.2d 939, 940 (Tex. Crim. App. - 1974).

Black's Law Dictionary defines the word "or" as follows:

> A disjunctive particle used to express an alternative or to give a choice of one among two or more things. It is also used to clarify what has already been said, and in such cases, means 'in other words,' 'to

> wit,' or 'that is to say.' The word 'or' is to be used as a function word to indicate an alternative between different or unlike things. <u>City of Toledo v. Lucas County Budget Commission</u>, 33 Ohio St.2d 62, 294 N.E.2d 661, 663. In some usages, the word 'or' creates a multiple rather than an alternative obligation; where necessary in interpreting an instrument, 'or' may be construed to mean 'and.' <u>Atchison v. City of Englewood, Colo.</u>, 568 P.2d 13, 18.

Black's Law Dictionary 987 (5th ed. 1979).

In <u>Weir v. Bauer</u>, 286 P. 936 (Utah 1930) the Utah Supreme Court, in addressing the meaning of the word 'or' in a statute, stated:

> But the word 'and' can never be substituted for 'or' in a statute when the meaning of the language used in the statute is clear and there is nothing in it to call for the substitution.

286 P. at 945.

Therefore, we read section 6(f) as permitting a bondsman in Bexar County to satisfy the security deposit requirement by executing a deed to real property only in accordance with the specific terms of section 6(f)(2). Thus, the Bexar County Bail Bond Board may not accept from a bondsman applicant a combination of cash and real property to meet the required $50,000 security deposit required by article 2372p-3, V.T.C.S.

### S U M M A R Y

The Bexar County Bail Bond Board may not accept from a bondsman applicant a certificate of deposit for $20,000 and a deed to real property valued at $30,000 to meet the $50,000 security deposit requirement under article 2372p-3, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General