**Zuyak v. Pradist, Inc.**
*[Cite as 8 AOA 428]*

*Case No. 57609*
*Cuyahoga County, (8th)*
*Decided November 15, 1990*

*Regis E. McGann, 450 Standard Building, Cleveland, Ohio 44114, for Plaintiff-Appellant.*

*Jeff T. Zucco, 113 St. Clair Building, Cleveland, Ohio 44114, for Defendants-Appellees.*

DYKE, J.

Appellant, Leona Zuzak, brought suit against Pradist, Inc.[1] and appellee, Sherry Bigos. The jury returned a general verdict against Bigos for $107,762.35. Appellant filed a motion pursuant to Civ. R. 49(B) which requested that the jury be reconvened to award an amount for punitive damages. The motion was granted but the trial court exercised his option under Civ. R. 49(B) to grant a new trial. Appellant raises the following assignment of error:

> "THE TRIAL COURT ABUSED ITS
> DISCRETION IN ORDERING
> A NEW TRIAL."

Appellant alleged that Bigos committed an intentional tort against her. The trial judge instructed the jury on compensatory and punitive damages. A general verdict form stated that the jury found against Bigos in the amount of $107,762.35. The jury was instructed to answer the following interrogatories:

"7. If Defendant, Sherrie Bigos, committed an intentional assault on Plaintiff, Leona Zuzak, state the amount of damages proximately caused to Leona Zuzak from the intentional assault of Sherrie Bigos.

"8. Do you award punitive damages against Sherrie Bigos?"

The trial judge instructed the jury as follows: "If no amount is awarded for punitive damages, right (sic) the word 'none' in lieu of the amount." (R. 18.)

During deliberations the jury sent the following message to the judge:

"We are unclear [as] to punitive damages that were referred to in question No. 8.

Should there be a dollar amount? There is no dollar amount listed in the question." (R. 26.)

The appellant stated to the trial judge that by an oversight there was no space for the amount for punitive damages and argued that not allowing them to put an amount would result in the general verdict not reflecting punitive damages. (R. 26.) Bigos' contended that appellant waived any objection to the form of the interrogatory and that the trial court's decision to merely give the jury a copy of the charge was appropriate. (R. 27.) The trial judge noted the waiver and reemphasized that the jury had been given the option of writing 'none' in the space provided for an amount. (R. 28.) (However, there was no such space.)

The jury returned with answers to the interrogatories and a general verdict against Bigos. The amount of damages proximately caused (i.e. compensatory damages) was found to be $107,762.35. Although the jury answered the last interrogatory by saying that it *was* awarding punitive damages the general verdict was also for $107,762.35. Appellant stated that the trial judge should have had the jury state the amount of punitive damages. (R. 32.)

Several days later appellant filed a Civ. R. 49(B) motion which argued that the jury should be recalled to state the amount of punitive damages because the jury stated that it was awarding punitive damages and yet failed to add anything to the amount in the verdict form that was awarded for compensatory damages. (R. 34-35.) The trial judge noted that the jury was gone but that under Civ. R. 49(B) he had the option of ordering a new trial. (R. 40.) The trial judge also incorrectly contended that the jury had asked about the amount of punitive damages rather than the place to put an amount. (R. 41.)

The trial judge ordered a new trial. Contrary to Bigos' contention the judge did not order the new trial on his own initiative, i.e, pursuant to Civ. R. 59. The journal entry clearly states that the trial judge is ruling on the Civ. R. 49(B) motion.

Ordering a new trial vacated the entire verdict, liability and damages. There was no reason to vacate the verdict on liability and compensatory damages. No one asked the judge to do so and there was no conflict between the verdict and the answers to interrogatories concerning the verdict on liability

or compensatory damages. The conflict is between the verdict and the answer to interrogatory No. 8. No. 8 asked the jury if it awarded punitive damages. The jury said "yes." Yet the verdict reflects the same amount as the answer to No. 7 (the amount of compensatory damages). The jury asked if it should have listed a dollar amount in the answer to No. 8 but the judge refused to do so even though he had instructed them to write "none" in the space provided in that question if it did not award punitive damages. The lack of a space resulted in the jury's confusion but despite any initial waiver once the jury inquired and there was a conflict the judge had an obligation to re-instruct or order a new trial solely for an award of punitive damages.

"When one or more of the answers is inconsistent with the general verdict, [the court has three options:] judgment may be entered ... in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial." Civ. R. 49(B).

"Where a jury's answers to one or more special interrogatories are irreconcilable with the general verdict, the choice of whether to enter judgment in accord with the answers to interrogatories and against the general verdict, resubmit the case to the jury, or order a new trial lies within the sound discretion of the trial court." *Tasin v. Sifco Industries, Inc.* (1990), 50 Ohio St. 2d 102 (paragraph 1 of the syllabus).

The jury was gone and the judge could not award an amount of punitive damages. The trial judge should have ordered a new trial for the sole purpose of awarding punitive damages. The decision to vacate the judgment for appellant was an abuse of discretion. The judgment of the trial court is reversed, the judgment of $107,762.35 is reinstated, and this case is remanded for a trial solely for the purpose of awarding an amount of punitive damages unless said claim is abandoned.

MATIA, P.J., and NAHRA, J., concur.

---

[1] The action against Pradist has since been settled.