OPINION
{¶ 1} Plaintiff-appellant, Amanda Heath, individually and as Administrator of the Estate of Stephanie Kramer ("appellant"), appeals the judgment of the Franklin County Court of Common Pleas, in which that court entered judgment upon a jury verdict in favor of appellees, Steven Teich, M.D., and Columbus Children's Hospital (collectively, *Page 2 
"appellees"), on appellant's negligence claims. Also before the court is appellees' motion to dismiss the within appeal. We elected to defer ruling on the motion to dismiss until the case was submitted for decision. Accordingly, herein we determine the motion to dismiss and the merits of the appeal.
 {¶ 2} This case arises out of the tragic and untimely death of appellant's four-year-old daughter, Stephanie Kramer, who died in 1996 while under appellees' care. Appellant timely commenced this action for wrongful death and medical malpractice and, following a jury trial held in 2003, judgment was entered in favor of appellees. On appeal, this court reversed that judgment and remanded the case for a new trial.Heath v. Teich, Franklin App. No. 03AP-1100, 2004-Ohio-3389, discretionary appeal not allowed, 103 Ohio St.3d 1495, 2004-Ohio-5605,816 N.E.2d 1081. The matter was retried to a new jury, with retired Judge James O'Grady presiding. At the conclusion of the second trial, the jury rendered a verdict in favor of appellees. On September 11, 2006, the trial court entered judgment upon that jury verdict. Appellant timely appealed and advances one assignment of error for our review, as follows:
 THE JUDGMENT OF THE TRIAL COURT IS VOID BECAUSE A RETIRED JUDGE PRESIDED OVER THE JURY TRIAL OF THIS MATTER IN VIOLATION OF THE OHIO SUPREME COURT'S DECISION IN STATE, EX REL. RUSSO V. MCDONNELL.
 {¶ 3} We begin with appellees' motion to dismiss. First, appellees argue that the appeal filed on behalf of appellant individually should be dismissed because appellant failed to object at trial to the assignment of Judge O'Grady and, even if appellant did not waive the issue, Judge O'Grady lawfully presided over the trial. Second, they argue that the appeal filed on behalf of the Estate of Stephanie Kramer should be dismissed *Page 3 
because appellant, a non-lawyer and the administrator of the estate, may not represent the estate in court.
 {¶ 4} In her memorandum in opposition to the motion to dismiss, appellant argues that the only beneficiaries of the Estate of Stephanie Kramer are appellant's other two children, and, she maintains, a non-lawyer parent may represent the interests of his or her children in court. She also argues that Judge O'Grady's having presided over her trial was indeed unlawful under State ex rel. Russo v. McDonnell,110 Ohio St.3d 144, 2006-Ohio-3459, 852 N.E.2d 145. She also argues that she did not waive this argument because, even though the Russo case was decided prior to her second trial, Russo was not published in the Ohio Bar Reports until August 28, 2006, after the second jury trial had concluded.
 {¶ 5} The first branch of appellees' motion raises the same substantive issues implicated by appellant's assignment of error, and thus goes to the merits of the appeal. "A motion to dismiss an appeal can not be sustained if the motion pertains to the merits of the case."Village of Waterville v. Spencer Twp. (1974), 37 Ohio St.2d 79, 84,66 O.O.2d 189, 307 N.E.2d 542. Accordingly, appellees' motion to dismiss is denied insofar as it relates to the appeal on behalf of appellant individually.
 {¶ 6} In the second branch of appellees' motion to dismiss they argue that the Estate of Stephanie Kramer's appeal should be dismissed because appellant, the estate's fiduciary and a non-lawyer, is prohibited from representing the estate in a court of law. For support of this proposition, appellees cite the case of O'Brien v. White Getgey (Oct. 27, 1975), Hamilton App. No. C-74610. In O'Brien, the court of appeals affirmed a *Page 4 
trial court's removal of a non-lawyer estate administrator as counsel of record for the estate. The court of appeals relied upon R.C. 4705.01, which provides, in pertinent part:
 No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules.
 {¶ 7} In O'Brien, the administrator conceded that he was not the only beneficiary of the estate he sought to represent. In affirming the trial court's removal of the administrator as counsel of record, the court of appeals explained:
 Although a non-lawyer may represent his own interests, the law will not allow him to jeopardize the rights of others by representing them. The mere fact that title, at least to a decedent's personal property, passes to the administrator for the purposes of disposing of the estate does not eliminate the interests of other involved parties.
O'Brien, supra, 1975 Ohio App. LEXIS 6444, at *5.
 {¶ 8} Appellant argues that O'Brien is not applicable here because the only other beneficiaries of her daughter's estate are appellant's other two children, and, she contends, it is permissible for a non-lawyer parent to represent the interests of her children in court. Appellant has provided no authority for the latter proposition, and our research has failed to reveal any such authority.
 {¶ 9} This court has held that a non-attorney trustee is prohibited from prosecuting a civil action on behalf of the trust. In TubalcainTrust v. Cornerstone Constr, Inc. (May 26, 1994), Franklin App. No. 93APE12-1701, we held:
 A trust, like a corporation, cannot act on its own behalf but, instead, must act through an individual. Since only attorneys *Page 5 
can represent another party in litigation before a court, necessarily an attorney must be engaged to represent a trust. * * * [A]n individual may represent himself, [but] such right to self-representation is not extended to parties who are not natural persons. R.C. 4705.01
expressly prohibits any person from acting as an attorney in litigation except on behalf of himself or herself as a party.
1994 Ohio App. LEXIS 2307, at *2. See, also, Williams v. Global Constr.Co., Ltd. (1985), 26 Ohio App.3d 119, 26 OBR 330, 498 N.E.2d 500.
 {¶ 10} Appellant argues that she should be permitted to represent the estate because R.C. 2125.02 requires that the wrongful death action be brought in the name of the personal representative of the decedent's estate. However, "[a] personal representative is merely a nominal party; the real parties in interest are the * * * next of kin." Ahlrichs v.Tri-Tex Corp. (1987), 41 Ohio App.3d 207, 534 N.E.2d 1231, paragraph three of the syllabus. Rule 17(A) of the Ohio Rules of Civil Procedure specifically allows this as an exception to the general rule that an action must be prosecuted in the name of the real parties in interest.Fogt v. United Ohio Ins. Co. (1991), 76 Ohio App.3d 24, 28,600 N.E.2d 1109.
 {¶ 11} It is therefore clear that, although appellant has brought the wrongful death action in her own name as administrator of the estate, as she must under R.C. 2125.02, the real parties in interest are the estate's beneficiaries. Like the administrator in O'Brien, appellant is not the sole beneficiary of her daughter's estate. Thus, by initiating and prosecuting an appeal on behalf of the estate without the services of a licensed attorney, appellant is violating R.C. 4705.01. The requirement set forth in R.C. 2125.02 that the wrongful death action be brought in the name of the personal representative of the decedent's estate does not supplant or override the limits on who may practice law set *Page 6 
forth in R.C. 4705.01. See Otto v. Patterson (1962), 173 Ohio St. 174,175, 18 O.O.2d 440, 180 N.E.2d 575 (Supreme Court of Ohio affirmed court of appeals' dismissal of taxpayers' suit prosecuted by a non-lawyer taxpayer on behalf of other taxpayers).
 {¶ 12} For these reasons, the appeal instituted on behalf of the Estate of Stephanie Kramer must be dismissed. Williams, supra, at 121;Tubalcain Trust, supra, at *3. Appellant is free, of course, to represent herself in her individual appeal.
 {¶ 13} Accordingly, the motion to dismiss is granted in part insofar as it pertains to the appeal of the Estate of Stephanie Kramer, and the motion is denied in part insofar as it pertains to the appeal of appellant in her individual capacity.
 {¶ 14} We now turn to the merits of appellant's appeal brought in her individual capacity.
 {¶ 15} In support of her assignment of error, appellant argues that the trial court's judgment is void because a retired judge presided over the jury trial of the action. She claims that this was strictly forbidden by the Supreme Court of Ohio in Russo, and, therefore, the judgment is void ab initio and must be vacated.
 {¶ 16} As noted earlier, appellees initially argue that appellant waived this issue because, though Russo was decided on July 12, 2006, prior to the commencement of appellant's jury trial and prior to the case being referred to Judge O'Grady, appellant never objected to Judge O'Grady's presiding over her trial. We need not pass upon the question of waiver, however, because the Russo case was and is inapposite to the issue whether Judge O'Grady appropriately presided over the jury trial in this case.
 {¶ 17} In Russo, the Supreme Court of Ohio held "R.C. 2701.10 and Gov.Jud.R. VI require bench trials in referrals of civil actions * * * pursuant to the statute and the rule, *Page 7 
which both specify that cases referred * * * to a retired judge pursuant to these provisions must be tried and determined by a judge." Id. at paragraph one of the syllabus. The question before the court inRusso was not whether the retired judge is permitted to preside, but whether the retired judge is permitted to hold a jury trial or must determine the facts and issues of the case him-or herself.
 {¶ 18} The court in Russo held that the language of R.C. 2701.10
mandates that the judge — not a jury — is the factfinder. The court pointed out that "R.C. 2701.10 is `a consensual reference statute that provides a form of dispute resolution commonly referred to as "private judging" or "rent-a-judge. Id. at ¶ 24, quoting Huffman v.Huffman, Franklin App. No. 02AP-101, 2002-Ohio-6031, ¶ 12. Indeed, in both cases respecting which the relator in Russo sought a writ of prohibition, the parties had mutually agreed to submit the entire case to a retired judge for decision. The record in the present case reveals no such unanimous choice. Indeed, appellant does not argue that a jury should not have determined her action; in fact, she demanded a jury trial, as was her right. For all of these reasons, R.C. 2701.10 is inapplicable here, and, as such, Russo is also inapplicable.
 {¶ 19} Judge O'Grady presided over the jury trial as a visiting judge pursuant to Loc.R. 31.01 of the Franklin County Court of Common Pleas. The Franklin County Court of Common Pleas has adopted Loc.R. 31, which, in addition to providing for the assignment of cases on a "single assignment basis," states that "[n]othing in this rule shall prevent the transfer of a either a civil or criminal case(s) from one trial judge to another. Such a transfer shall specify the reason(s) for the transfer and shall be approved by the Administrative Judge." *Page 8 
 {¶ 20} We note that the Supreme Court of Ohio has rejected the notion that a judge who presides over a trial must be in the current service of the term to which he or she was last elected. State ex rel. Berger v.McMonagle (1983), 6 Ohio St.3d 28, 30-31, 6 OBR 50, 451 N.E.2d 225. Moreover, Sup.R. 36(B)(2) provides that courts or divisions may adopt local rules to modify the individual assignment system "to provide for the redistribution of cases involving the same * * * parties * * * or subject-matter."
 {¶ 21} "Restrictions are generally placed on the transfer of cases `to inhibit real or perceived "judge shopping" and judicial favoritism.' * * * Thus, a case should be transferred to another judge only for `good cause,' with an entry being made on the record as to the need for the transfer. * * * Appropriate reasons for reassignment include absence of the assigned judge or docket congestion for the assigned judge, and a need for action in the case." Silverman v. American Income Life Ins. Co.of Indianapolis, Inc. (Dec. 18, 2001), Franklin App. No. 01AP-338, 2001 Ohio App. LEXIS 5683, at *39, quoting Berger v. Berger (1981),3 Ohio App.3d 125, 128, 443 N.E.2d 1375. In the instant case, the record reflects that the judge to whom this case was originally assigned was unavailable to preside over appellant's trial because she was presiding over two criminal trials taking place during the dates for which trial in the present case was scheduled. One guideline of the Franklin County Court of Common Pleas Visiting Judge Program provides that "reassignment of a case to a visiting judge should be limited to a situation where the original judge has more than one case scheduled and ready for trial." Id. at *40.
 {¶ 22} Accordingly, the record reflects that the transfer of this case to Judge O'Grady was made in accordance with the Rules of Superintendence and the Local Rules *Page 9 
of the Franklin County Court of Common Pleas. Moreover, nothing about the transfer or the way in which the trial was conducted violates R.C.2701.10 or the holding in Russo. For all of these reasons, appellant's assignment of error is not well-taken and the same is hereby overruled.
 {¶ 23} Having overruled appellant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Motion to dismiss granted in part and denied in part; judgmentaffirmed.
 BROWN and TYACK, JJ., concur. *Page 1